# REPORTS

OF

# CASES ARGUED AND DETERMINED

## At January Term, 1859.

---

### SEARS vs. THE STATE.

[INDICTMENT FOR CARRYING CONCEALED WEAPONS.]

1. *What constitutes offense.*—A knife which, in *some* of its essential particulars, is unlike a bowie-knife, may nevertheless be within the prohibition of the statute (Code, § 3273) against carrying concealed weapons; *secus*, as to a knife which, " in *all* its essential particulars," is unlike a bowie-knife.

APPEAL from the Circuit Court of Autauga.
Tried before the Hon. WILLIAM M. BROOKS.

THE indictment in this case charged, that the prisoner, Eli T. Sears, " carried concealed about his person a bowie-knife, or knife or instrument of like kind or description." The evidence adduced on the trial is thus stated in the bill of exceptions: " The State introduced a witness who testified, that in August, 1857, in said county, he saw the defendant, at his request, unbutton his vest, and take from a belt around him a knife, which was about from seven to ten inches long, from an inch to an inch and a quarter broad, with a white handle, having the blade permanently fastened in the handle, and having a leather sheath; that he was not much acquainted with bowie-knives, or 'Ar-

kansas tooth-picks,' and could not say what kind of a
knife it was; but that he took it to be a bowie-knife. The
defendant then introduced one Booth as a witness, who
testified, that he saw the defendant at the time spoken of
by the witness for the State, and saw the knife, and had
examined it since; that he had known what bowie-knives
were for seventeen years, and did not think that the defend-
ant's knife was a bowie-knife; that a bowie-knife was
generally longer and wider, the width generally being
from one and a half to two inches, and the length from
twelve to twenty inches; that the back and edge of a bowie-
knife were straight, from the hilt to within about two
inches of the point, and then the edge curved upwards,
while the back deflected downwards, and then up to a
point where the edge and back met; that the blade was
wider, and swelled somewhat in thickness, at the point
where the edge and back commenced to curve; that the
blade, at that point, was wider and thicker than at the
hilt, and heavier than any where else, in order to give
weight to a descending blow; that the blade of the defend-
ant's knife was about seven inches long, and one inch wide,
and wider and thicker at the hilt than anywhere else; that
the blade had but one sharp edge, and tapered on both
sides from the hilt to the point; that it was not so wide
or so heavy at any point as at the hilt; that it was not a
bowie-knife, but was more like a dirk than anything else,
though he did not know what name to give it. It was
conceded by the defendant, that he carried concealed
about his person, in the county of Autauga, within twelve
months prior to the finding of the indictment, the knife
spoken of by the witnesses."

"This being all the evidence, the court charged the
jury, that it was not necessary, to find the defendant
guilty, that the knife which the witnesses had deposed to,
as having been concealed about his person, should be a
bowie-knife—that if it was one of like kind or description,
it was sufficient; that the law, in prohibiting the carrying
of one of like kind and description, implied that there was
a difference between such an one and a bowie-knife; and
therefore, even if the defendant's knife was wider at the

*point*, and heavier there, and not so long as a bowie-knife; yet, if they believed it was of the like kind and description, they would find the defendant guilty.

"The defendant excepted to this charge, and asked the court to instruct the jury, that if they believed from the evidence that the knife, which the defendant was charged with having carried concealed, was, in its essential particulars, unlike a bowie-knife, they will find the defendant not guilty; which charge the court refused to give, and the defendant excepted."

WM. H. & G. A. NORTHINGTON, with ELMORE, YANCEY & CULP, for the prisoner.

M. A. BALDWIN, Attorney-General, *contra*.

RICE, C. J.—In view of the evidence, and of the concession made by the defendant, "that he carried the knife spoken of by the witness concealed about his person, in the county of Autauga, within twelve months previous to the finding of the indictment,"—the charge given by the court below is free from error. But there is error in the refusal of the charge asked by the defendant. It might be, that a knife which, in *some* of its essential particulars, was unlike a bowie-knife, might be a knife of like kind and description with a bowie-knife, within the meaning of section 3273 of the Code. But it seems to us impossible to deny the proposition, that a knife which, in *all* its essential particulars, is unlike a bowie-knife, is not a knife of like kind or description with a bowie-knife. That we understand to be the proposition asserted in the charge asked. For the error in refusing that charge, the judgment of the court below is reversed, and the cause is remanded.