## LOCKETT vs. THE STATE.

[INDICTMENT FOR CARRYING CONCEALED WEAPONS.]

1. *Oath of jury, recital in record as to; what sufficient.*— Where the record recites that the jury "were duly sworn, according to law," this sufficiently shows that the oath required by law was administered.
2. *Revised Code, section 3555 of; word "traveling" used in, defined.*—The word "traveling" used in section 3555 of the Revised Code means to pass from place to place, whether for pleasure, instruction, business, or health, and the length of the journey does not destroy the character of the occupation. (SAFFOLD, J., *dissenting.*)
3. *Same.*—A person who is a passenger and passing on a railway train from Selma to Marion in this State, a distance of twenty-eight miles, to seek employment, is "traveling" in the sense of the statute, and may carry a pistol concealed about his person. (SAFFOLD, J., *dissenting.*)

APPEAL from Circuit Court of Perry.

Tried before Hon. M. J. SAFFOLD.

Reid Lockett, freedman, being indicted and on trial for carrying a pistol concealed about his person, the State introduced a witness who testified, that some time in August, 1871, while coming from Selma on the passenger train, he noticed defendant, and some time after this he saw the conductor eject defendant from the train for drunken and boisterous conduct. At the time a brakeman, who was aiding the conductor, took from Lockett a pistol which Lockett had drawn, and immediately afterwards defendant exhibited another pistol, both pistols having been previously concealed about his person. "Witness thought from defendant's action that he was a train hand, but was not

positive about it.   Defendant was traveling on the train, and may have been a passenger."

Defendant introduced a witness who testified, that defendant's regular occupation was that of a brick mason and plasterer, although he had known him to do other kinds of work; that he was at Selma a good part of his time; that he (witness) did not know whether defendant was a train hand or not at the time referred to.

Powhattan Lockett testified, that he saw defendant on the cars after passing "the Marion Junction," and invited him to go to Marion to do some plastering for him.   Defendant had been working at the Junction, but agreed to do the work which witness wished to have done.   It was admitted that it is twenty-eight miles from Selma to Marion; that the train from which defendant was put off was a passenger train running from Selma to Marion; that it is fourteen miles from Marion Junction to Marion; and that the defendant was put off a short distance after leaving the Junction.   This was all the evidence.

The court, at the request of the solicitor, charged the jury, "if they believed the evidence, they must find the defendant guilty."   The defendant excepted to this charge, and requested the court, in writing, to charge the jury that "if they believed from the evidence that defendant was engaged in traveling, and was on the cars as a passenger from Selma to Marion, a distance of twenty-eight miles, that he had a right to carry concealed weapons, and that they must find the defendant not guilty."   The court refused to give this charge, and defendant duly excepted.

The defendant then asked the court to charge the jury, that "if they believed from the evidence that defendant was traveling and on the cars from the Junction to Marion, a distance of fourteen miles, that then they must find the defendant not guilty."   The court refused to give the charge, and defendant duly excepted.

The jury brought in a verdict of guilty, and assessed a fine of fifty dollars against the defendant.   The judgment-entry, after reciting defendant's plea and joinder, &c., is as follows:  "Thereupon, came a jury of good and lawful men,

to-wit: M. W. Oliver, and eleven others, who being duly empanneled and sworn according to law, well and truly to try the issue joined, upon their oaths do say," &c.

The errors assigned are—

1st. The charge given and the charges refused by the court.

2d. That the judgment-entry shows that the jury were not properly sworn.

P. LOCKETT, and A. A. WILEY, for appellant.

J. W. A. SANFORD, Attorney-General, contra.

PETERS, J.—This is an indictment under the statute for carrying a pistol concealed about the person of the accused. There was a conviction in the court below, and the defendant was fined fifty dollars. From this conviction he appeals to this court.

The record shows that the jury was "duly empanneled and sworn according to law, well and truly to try the issue joined." This could not be, unless the oath administered was that laid down in the Revised Code. It was therefore sufficient.

The defendant, in the court below, for his defense relies on the fact that he was "traveling" at the time when the offense charged is alleged to have been committed. The statute creating this offense is in the following words: "Any person who, not being threatened with or having good reason to apprehend an attack, or *traveling*, or setting out on a journey, carries concealed about his person a bowie-knife, or any other knife or instrument of a like kind or description, or a pistol, or fire-arms of any other kind or description, or an air-gun, must be fined, on conviction, not less than fifty, nor more than three hundred dollars; and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months."—Revised Code, § 3555; 1 Ala. 612; 31 Ala. 387; 33 Ala. 347. The testimony tends to show, that when the defendant was "traveling on the train and may have been a passenger," on the rail-way between the city of Selma and the town of

Marion in this State, he carried concealed about his person a brace of pistols. It was shown, that the accused was a brick-mason, and that he resided near Selma, and had been invited to Marion to do some brick work and plastering there. It was admitted that the distance between these two places was about twenty-eight miles, and that it was about fourteen miles from Marion, where the defendant was put off the train by the conductor, on account of his improper and boisterous conduct. It was there that he exhibited his pistols.

On this evidence the defendant moved the court to give a written charge to the jury in the following language: "That if they believe from the evidence that the defendant was engaged in traveling, and was on the cars as a passenger from Selma to Marion, a distance of twenty-eight miles, that then he had a right to carry concealed weapons, and that they must find the defendant not guilty." This charge was refused, and defendant excepted. I think this was a proper charge under the evidence, and should have been given. The word "traveling" has no very precise or technical meaning when it is used without any limitation. Its primary and general import is to pass from place to place, whether for pleasure, instruction, business, or health. A person may travel to seek employment as well as to seek amusement, information, or health.—Webster's Dict. Unabridged, Roget's Thesaurus of English Words, p. 109, *word* TRAVEL. The length of the journey or its continuance does not destroy the character of the occupation. The proofs in this case do not make it certain that the defendant may not have been engaged in an honest journey to a neighboring town to procure employment in his trade. He might have done the same thing, by a trip to California or to Mexico. In the latter case, to be caught with pistols concealed about his person would be no crime. And there is no very clear reason why a different interpretation should be placed on his conduct in the two cases, because the journey was shorter in the one case than it was in the other, when his purpose in both cases was to seek employment in his occupation. Nor is it required that he should have any

uecessity for the use of his pistols.   It is enough if he was
*traveling* on a journey, long or short.   This is the language
of the statute above cited.

There was also a charge given by the court below, which
was the reverse of that set out above.   This was objected
to by the defendant.   Such a charge cannot be maintained
upon the reasoning above shown.   It excluded all consid-
eration of the evidence that the defendant was *traveling*
when he exhibited his pistols.   There was some evidence
tending to show this, and however slight it might have been,
it was entitled to its proper weight.   But the charge of the
court, which was given and excepted to, was calculated to
exclude this.   This was also error.   The court reluctantly
concur in the reversal of this cause, but think that the
question of "traveling" should have been left to the jury.

The judgment of the court below is reversed, and the
cause is remanded, and a new trial is ordered.   In the
mean time the defendant, said Reid Lockett, will be held
to answer the indictment in this case until discharged by
due course of law.


B. F. SAFFOLD, J., *(dissenting.)*—The appellant was
indicted for carrying concealed weapons under section 3555
of the Revised Code.   He lived near Selma, and was going
to Marion, a distance of about twenty-eight miles.   Four-
teen miles from Marion, or half way his journey, he was
put off the cars by the conductor for improper and bois-
terous conduct, and at that time he exhibited pistols.

The court holds that his passage from Selma to Marion
was such a traveling or going on a journey as relieved him
from the penalty of the statute.

No more indefinite words could have been used in a pe-
nal statute than those of "traveling" or "setting out on a
journey."   But it is manifest that they were not employed
in their most extensive signification.   This would nullify
the law, because any passing from one place to another, no
matter how near, would be a traveling, and to prohibit the
possession, or even the carrying of arms at home, would
be contrary to the constitution.

The evil sought to be remedied was the insecurity of life caused by the practice of carrying concealed weapons, and the consequent demoralization of society. It was deemed criminal for a person to put in his pocket a weapon to kill his friends and acquaintances in a chance quarrel, or premeditated attack by himself. The distance of the travel was therefore intended to be such as would take him beyond the circle of his general acquaintance, and amongst strangers for whose conduct he was in no wise responsible, either by his precept or example, and against whom he was not protected by the consideration we exhibit for those whom we know. Since travel has been so much expedited by railroads, distance has almost given way to time as its measure. I would therefore much prefer to construe the traveling or setting out on a journey, intended by the statute, to mean a going beyond the jurisdiction of the particular law, that is, beyond the State.