# Sellers *v.* The State.

### *Indictment for Receiving and Concealing Stolen Goods.*

1. *Sufficiency of indictment.* — An indictment which alleges that the defendant "received, or concealed, cotton of the value of forty dollars, the personal property of J. D.;A., knowing it had been stolen, and not having the intent to restore it to the said J. D. A." (Rev. Code, § 3710), is sufficiently certain and definite in its description of the property and the offence, especially after verdict; but if, as set out in the record, it uses the words "not *knowing,*" instead of "not *having* the intent to restore," &c., it is fatally defective on error, though no objection was raised to it in the court below.

2. *Charges to jury no part of record, without exceptions.* — The charges given by the court to the jury are no part of the record, unless made so by bill of exceptions, and cannot be looked to by the appellate court for any purpose, although incorporated in the transcript by the clerk.

FROM the Circuit Court of Bullock.

Tried before the Hon. J. McCALEB WILEY.

In this case there is no bill of exceptions, no writ of error, and no assignment of errors on the record. The indictment, as set out in the transcript, is correctly copied in the opinion delivered by PECK, C. J., except in the use of the word "knowing," instead of "having," as stated in the opinion de-delivered by PETERS, C. J. The former opinion was delivered at the January Term, 1873, and the latter at the succeeding June Term.

BEN. GARDNER, Attorney General, for the State.

[Sellers *v.* State.]

PECK, C. J.— The indictment in this case was found under § 3710 R. C., which is in the following words : " Any person who buys, receives, conceals, or aids in concealing any personal property whatever, knowing that it has been stolen, and not having the intent to restore it to the owner, must, on conviction, be punished as if he had stolen it." This section creates a new offence, and describes its constituents. In such a case, all that is required is, that the offence be charged in the language of the statute. See Shepherd's Digest, p. 77, § 90.

The indictment is in the following words, omitting the caption : " The grand jury of said county charge that, before the finding of this indictment, Robert D. Sellers received or concealed cotton, of the value of about forty dollars, the personal property of John D. Adair, knowing it had been stolen, and not having the intent to restore it to said John D. Adair, against the peace and dignity of the State of Alabama." Without making any objection to the indictment, the defendant pleaded not guilty, was tried, convicted, and fined fifteen dollars. He appeals to this court, and his counsel now objects that the indictment is defective, because : 1st, it does not describe with sufficient certainty the property alleged to have been received or concealed ; and, 2d, that it does not charge that the cotton was actually stolen. Cotton is personal property ; and to receive or conceal any personal property whatever, knowing it has been stolen, &c., is the offence described in the statute. Under our short and simplified forms of indictments, it was unnecessary to state any more specific description of the cotton, as that it was either cotton in the seed, or ginned cotton ; a general description of the property as cotton, the value being stated, is sufficient. The second objection is, that it is not charged that the cotton was actually stolen. The charge is, that the defendant received or concealed the cotton, " knowing it had been stolen," &c. We think this sufficient, without stating as a distinct fact that the cotton had been stolen. The defendant could not know it had been stolen, unless a larceny of the cotton had been actually committed. The offence consists in receiving or concealing personal property, knowing it has been stolen, &c. This is distinctly so stated in the indictment, and this is enough, at least after verdict.

2. Where an indictment charges the offence in such manner as to enable a person of common understanding to know what is intended, this is sufficient. R. C. § 4112.

An objection is also made to the charge of the court below. The court, at defendant's request, gave its charge to the jury in writing, and, as no exception was taken, it will be presumed

[Wolf *v.* State.]

he was then satisfied with it, and it is too late to object for the first time in this court.

The judgment is affirmed, at appellant's cost.

PETERS, C. J. — The appellant moves this court for a rehearing in this prosecution. One of the grounds relied on is, that the indictment set out in the record fails to charge any offence. The description of the offence omits the allegation, "not *having* the intent to restore" the goods stolen and concealed to the owner, and has in lieu thereof, "not *knowing* the intent to restore it to said John D. Adair" (the owner). This indictment is found under section 3710 of the Revised Code. It is insufficient. It omits one of the ingredients of the offence. The indictment is a part of the record, and such a defect is available on motion in arrest of judgment, or on error. 1 Bish. Cr. Proc. §§ 851, 852; *Rachel Williams* v. *The State*, 47 Ala. 1.

The objection to what is inserted in the transcript as the charge of the court cannot be considered. The clerk is not authorized to incorporate into the transcript any charge of the court not made a part of the record by bill of exceptions, "duly taken and signed by the presiding judge as in civil cases." Rev. Code, §§ 2754, 2755, 4302. When this is done, the bill of exceptions makes the charge a part of the record, and errors may be assigned upon it; and this court will then look to it as a part of the proceedings which makes up the record, to which the court looks to see whether the demands of the law have been observed by the court below. Rev. Code, § 4314. In the case of *Rachel Williams* v. *The State* (47 Ala. *supra*), there was a bill of exceptions, and what is said in that case does not justify the inference of the learned counsel for the appellant, that there is any conflict between the decision there found and the original judgment in this case.

A rehearing is granted in this case, and the judgment of the court below is reversed, and the cause is remanded for a new trial. In the mean time, the accused, the said Robert D. Sellers, the appellant in this court, will be held in custody until discharged by due course of law. Rev. Code, § 4146.