# Gholson *v.* The State.

### *Indictment for carrying Concealed Weapons.*

1. *Traveling, within the meaning of the statute against carrying concealed weapons; defined.*—The word "traveling," as used in the statute against carrying concealed weapons, means something more than the mere passing from place to place. The "traveling" must be, as is the "setting out" (mentioned in the statute), "on a journey;" such as is without the ordinary habits, business, or duty of the person—to a distance from his home, and beyond the circle of his acquaintances.

2. *Same; what does not constitute.*—Proof that the defendant, when he had the weapon concealed about his person, was returning with a wagon from the county seat of one county, to his home in another,—the two points being about twenty miles apart—is not, of itself, sufficient to show that he was "traveling," within the meaning of the statute; and a request, upon such evidence, to charge the jury that the defendant was thus "traveling," is properly refused.

APPEAL from Franklin Circuit Court.

Tried before Hon. W. B. WOOD.

The appellant was indicted and convicted for carrying concealed weapons. The evidence showed that, at the time of the alleged offense, he was returning in a wagon from Tuscumbia, in Colbert county, to his residence in Franklin county, a distance of twenty-three miles. Upon this evidence, he requested the court to charge the jury, in substance, that he was traveling, and therefore not guilty. The court refused to give the charge, and its refusal is now assigned as error.

J. B. MOORE, for appellant, cited *Lockett* v. *State*, 47 Ala. 42.

JOHN W. A. SANFORD, Att'y Gen., *contra.*

[Gholson v. The State.]

BRICKELL, C. J.—There are but few, if any, provisions of the Revised Code, which the judiciary should more vigilantly uphold, and rigidly enforce, than those denouncing and punishing the pernicious and too prevalent practice of carrying weapons concealed. It has led, and leads frequently to causeless homicides, and breaches of the peace, which would not otherwise be perpetrated. It was said by this court, years ago: "Much of the waste and destruction of life, under which society is suffering, grows out of the pernicious practice, too prevalent among our citizens, even in the peaceful pursuits of life, of wearing deadly weapons upon their persons. Such deadly weapons are readily drawn, and fatally employed, in resentment of injuries and insults of the most trivial character. While the law secures the right to all to employ deadly weapons, even to the fatal result, in protection of life, or to save one's person from grievous bodily harm, as the law understands that term, we may well ask, why, in a peaceful community, do citizens wear arms, who have no just grounds to apprehend danger to their lives, or those grievous personal injuries, which will excuse a resort to deadly weapons?" *McManus* v. *State*, 36 Ala. 293. The observations of SAFFOLD, J., in his dissenting opinion, in *Lockett* v. *State*, 47 Ala. 46, seem to us eminently just: "The evil sought to be remedied was the insecurity of life caused by the practice of carrying concealed weapons, and the consequent demoralization of society. It was deemed criminal for a person to put in his pocket a weapon to kill his friends and acquaintances in a chance quarrel, or premeditated attack by himself." Further, in speaking of the statutory exception, in favor of one "traveling, or setting out on a journey," he says : "The distance of travel was, therefore, intended to be such as would take him beyond the circle ot his general acquaintance, and amongst strangers, for whose conduct he was in nowise responsible, either by his precept or example, and against whom he was not protected by the consideration we exhibit for those whom we know." In *Eslava* v. *State*, 49 Ala. 357, it is said, "The 'traveling, or setting out on a journey,' which justifies the carrving concealed weapons, must be a travel to a distance from home, and not within the line of the person's duties, habits, or pleasure."

The evasion of the statute is easy, and frequent ; and the offense, because of the frequency of its commission, is relieved, in the estimation of the community, of much of the criminality which should be attached to it, and which the statute intends to affix. The purposes of the statute cannot

VOL. LIII.

be accomplished, the practice suppressed, and its evil consequences avoided, unless it is held, that, when the fact of carrying the weapon concealed is proved, the accused must, to relieve himself from guilt, show that he is within one of the exceptions expressed.

The statute is: "Any person who, not being threatened with, or having good reason to apprehend an attack, or traveling, or setting out on a journey, carries concealed about his person," &c. The evidence disclosed by the bill of exceptions is, that when the defendant had the pistol concealed about his person, he was returning from Tuscumbia, in Colbert county, to his home in Franklin county, with his wagon, the two points being about twenty-three miles apart. All the evidence is not set out in the bill of exceptions; but, on these facts only, the court was requested to charge the jury that the defendant was traveling, within the meaning of the statute. The charge is founded on a misconception of the statute. It is not traveling—merely passing from one place to another—which justifies the carrying concealed weapons. The traveling must be, as is the setting out, on a journey. The original signification of journey was a day's travel. It is now applied to a travel by land from place to place, without restriction of time. But, when thus applied, it is employed to designate a travel which is without the ordinary habits, business, or duties of the person, to a distance from his home, and beyond the circle of his friends or acquaintances. Passing beyond these, may involve unknown dangers, from which there may be a necessity to protect himself; as there is a necessity to prepare for defense against an attack, either threatened, or which he has just cause to apprehend. The words are indefinite; and this is the signification in which they are employed in the statute, and not in a larger sense, which would go far to license, rather than to suppress, the practice against which the statute is directed.

For aught that appears in the bill of exceptions, the defendant, in passing to and from Tuscumbia, was in the pursuit of his ordinary duties and business, and within the circle of his friends and acquaintances. On the facts disclosed in the record, the court could not affirm, as matter of law, that he was traveling on a journey. There was, of consequence, no error in the refusal of the charge requested, and the judgment must be affirmed.