# Coker v. The State.

*Indictment for Carrying Concealed Weapons.*

1. *Exception in favor of persons "travelling."*—The privilege of carrying concealed weapons, given by the statute to a person "travelling" (Code, § 4109), commences when he sets out on a journey, and continues until he reaches home on his return.

FROM the Circuit Court of Cherokee.
Tried before the Hon. JOHN HENDERSON.

The defendant in this case was indicted for carrying concealed weapons, and was tried on issue joined on the plea of not guilty. On the trial, as the bill of exceptions states, a witness for the prosecution testified, " that within twelve months before the finding of the indictment, and in said county, he met the defendant in the public road on the Garrett farm, on the opposite side of the Coosa river from defendant's home; that defendant drew from his pocket a pistol, which was concealed, and shot at a corn-stalk, and that defendant said he was on his return from Gadsden." The defendant's father testified, in his behalf, " that said defendant was between seventeen and eighteen years old, and resided with witness at his home in Centre, in said county; that he had started defendant on a collecting trip to 'Griffith's Mills,' which was beyond Gadsden, and in DeKalb county; that it was twenty-three miles from his home to Gadsden, and fourteen or fifteen miles from Gadsden to said mills; that the defendant knew a few persons in Gadsden," whose names the witness mentioned, " and had a sister residing

[Coker v, The State.]

there ; that he had directed defendant to go to another place, ten or eleven miles below Gadsden, near 'Canoe Creek,' to see another party on some business ; that defendant was out of the circle of his acquaintances when he had gone ten miles from home ; that he had never been to Gadsden before, nor ten miles in that direction ; that he had never been out on that sort of business before, and that he said, when he returned home, that he had only gone a few miles beyond Gadsden, and was prevented by high waters in the creeks from going the whole trip on which he was sent. This being all the testimony, the court charged the jury, among other things, that if they believed, from the evidence, that the defendant carried the pistol concealed, and was travelling, or on a journey which carried him beyond the circle of his acquaintances, or was on business not in his ordinary line of business, then he had a right, under the statute, to carry the pistol concealed ; but, that when he came within a mile of home on his return trip, and where he knew the people, and within the circle of his acquaintances, if he carried it concealed as charged in the indictment, then he was guilty." This charge, to which the defendant excepted, is the only matter here presented for revision.

No counsel appeared in this court for the defendant, so far as the dockets show, and there is no brief on file.

H. C. TOMPKINS, Attorney-General, for the State.—The exception in the statute, in favor of travellers, is only co-extensive with the supposed necessity for protection against unknown dangers while among strangers, and ceases when the party has returned within the circle of his friends and acquaintances.— *Gholson v. The State*, 53 Ala. 519 ; *Eslava v. The State*, 49 Ala. 355. Besides, the exception is to the entire charge, a part of which is free from error, if not too favorable to the defendant.

STONE, J.—The statute (Code of 1876, § 4109) authorizes persons who are *travelling* to carry weapons concealed about their persons. Under the rule laid down in *Gholson's case*, 53 Ala. 519, we think the testimony in this case shows the defendant was travelling. His journey was expected and intended to carry him into two counties other than his own, " beyond the circle of his general acquaintance, and amongst strangers, for whose conduct he was in no wise responsible, either by his precept or example." He was none the less travelling, although on his return trip, and within a short distance of home. In such case, the privilege the statute

[Brown v. The State.]

gives to carry a weapon concealed about the person, commences when one is "setting out on a journey," and must be held to continue till he reaches home on his return trip. Till then he is travelling. The two charges asked and refused by the Circuit Court simply assert the proposition stated above, and the court erred in not giving them. There is nothing in *Eslava's case*, 49 Ala. 355, which conflicts with these views. That case simply holds that Eslava, while at the place of his daily avocation and business, could not claim the privilege the statute secured to travellers.

Reversed and remanded. The defendant will remain in custody, until discharged by due course of law.