No. 10,979.

## BURST *v.* THE STATE.

CRIMINAL LAW.—*Concealed Weapons.*—*Evidence.*—*Venue.*—Evidence, in a prosecution for carrying a concealed weapon, from which the jury may reasonably have inferred the venue as laid in the indictment and also the fact of the weapon being carried concealed, is sufficient, in respect to such proof, to sustain a verdict of conviction.

SAME.—*Traveller.*—*Statute Construed.*—In such a prosecution, the evidence showed that at the time of the alleged offence, and before and since, the defendant resided in P. county, was extensively engaged in the stave business, having stave yards in various places in that and an adjoining county, that he travelled from his residence in a buggy to and from these several places in attending to his said business, and was so engaged three-fourths of his time. On the day of the alleged offence, while trav-

elling in his business, he stopped 22 miles distant from his home, at a picnic in P. county, and while there made a harmless exhibition of a pistol to one person, and then replaced it in his pocket.

*Held,* that the defendant was a traveller within the meaning of the statute (R. S. 1881, sec. 1985), and the evidence insufficient to sustain a conviction.

From the Perry Circuit Court.

*W. Henning* and *H. J. May,* for appellant.

*F. T. Hord,* Attorney General, *S. B. Hatfield,* Prosecuting Attorney, and *W. B. Hord,* for the State.

HAMMOND, J.—Prosecution for carrying a concealed weapon. The indictment was based on section 1985, R. S. 1881, which provides that " Every person, not being a traveller, who shall wear or carry any dirk, pistol, bowie knife, dagger, sword-in-cane, or any other dangerous or deadly weapon concealed, or who shall carry or wear any such weapon openly, with the intent or avowed purpose of injuring his fellow man, shall, upon conviction thereof, be fined in any sum not exceeding $500."

On arraignment and plea of not guilty, the appellant was tried by a jury, resulting in a verdict of guilty, and, over his motion for a new trial and exceptions, judgment was rendered upon the verdict. The motion for a new trial questions the sufficiency of the evidence to sustain the verdict; and the overruling of such motion is the only error assigned in this court. The evidence is in the record. The appellant urges that it does not sustain the verdict, for failure to prove the venue; also, that it does not show that he carried the weapon concealed; and, further, that it appears from the evidence that he was a traveller.

The first and second objections to the sufficiency of the evidence are not well taken. There is evidence from which the jury may reasonably have inferred the venue as laid in the indictment, and, also, the fact of the pistol being carried concealed.

As to the appellant being a traveller, the evidence, without conflict, shows that at the time of the alleged offence, and before and since that time, he resided at Cannelton or Tell City in Perry county, and was extensively engaged in the stave busi-

ness, having stave yards at various places in that county and in Spencer county; and that he travelled from his residence in a buggy to and from these several places in attending to his said business, and was so engaged three-fourths of the time. On the day of the alleged offence, and while travelling in his said business, he stopped 22 miles distant from his residence, at a picnic at Branchville, in Perry county, and while there made, so far as the evidence discloses, a harmless exhibition of a pistol to one person, and then replaced it in his pocket. For carrying the weapon at that time and place, he was prosecuted and convicted.

We are of opinion that the appellant was a traveller, and not amenable to the statute under which he was found guilty.

There has been much discussion as to what constitutes a traveller. In *Lockett* v. *State*, 47 Ala. 42, under a statute similar to ours in reference to carrying concealed weapons, it was held that a person who was a passenger on a railway train for the distance of 28 miles, seeking employment, was travelling.

The court in that case says: " The word ' travelling ' has no very precise or technical meaning when it is used without any limitation. Its primary and general import is to pass from place to place, whether for pleasure, instruction, business, or health. * * * * The length of the journey or its continuance does not destroy the character of the occupation."

In *Coker* v. *State*, 63 Ala. 95, it was held that the accused was improperly convicted for carrying a concealed weapon while returning, and near his own residence, from a collecting trip which had taken him some 40 miles from his home. For further reference to the authorities upon this question, see reporter's note to *Gholson* v. *State*, 25 Am. R. 652.

The appellant's motion for a new trial should have been sustained.

The judgment is reversed, and cause remanded, with instructions to the court below to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.