Filed March 11, 1890.

---

122 393
133 360
122 393
0157 243

No. 15,090.

## LOTT v. THE STATE.

CHANGE OF VENUE.—*Delay in Filing Affidavit.*—Where the affidavit for a change of venue is not filed until after the day fixed by a rule of court, no excuse being shown for the delay, it is not error to overrule the motion for a change of venue.

CRIMINAL LAW.—*Carrying Concealed Weapons.—Mail Carrier a "Traveller."* —Where, in a prosecution for carrying concealed weapons, the evidence shows the defendant, a mail carrier, to have been carrying the weapon, while in the discharge of his duties, and entrusted with a sum of money, he is not liable, being a traveller within the exemption of the statute. Section 1985, R. S. 1881.

From the Spencer Circuit Court.

*E. L. Boyd,* for appellant.

OLDS, J.—This was a prosecution against the appellant by indictment, charging the defendant with carrying concealed about his person a certain dangerous and deadly weapon, to wit, a pistol, he, the said Harvey Lott, not being then and there a traveller.

There was a trial, resulting in the conviction of the appellant.

Two errors are assigned, one the overruling of appellant's application for a change of venue from the judge, and the other the overruling of appellant's motion for a new trial.

There was a rule of court requiring affidavits for change of venue to be filed by the second day of the term, and the affidavit of the defendant was not filed until after that time, and it was not shown that he did not know of the grounds for change stated in his affidavit until after the time for filing the affidavit under the rule had expired, and no sufficient showing was made for not complying with the rule, and there was no error in overruling the motion for change of venue.

The motion for a new trial challenges the sufficiency of the evidence to support the verdict of the jury. The undisputed evidence shows that the defendant was a mail carrier, and that he had the sub-contract for carrying the mail on two routes, one from Eureka to Rockport, and one from Lake to Chrisney. The day on which he is charged with carrying the pistol concealed he had carried the mail on the route between Eureka and Rockport, and immediately after his return to Eureka with the mail, without going to his home he went to Lake to take charge of the mail, and was discharging his duties in regard to the mail.

It is also shown that he had on his person a money package for a party at Lake, and while on his way to Lake he stopped at Fair Fight to get his cart or vehicle in which he rode and used to carry the mail repaired. While the smith was repairing his cart, appellant stepped into a hotel office and met some friends, and made a harmless exposition of a pistol or revolver, all in a friendly, jocular way.

The statute making it a criminal offence to carry concealed weapons exempts travellers from its provisions. Section 1985, R. S. 1881.

The evidence clearly shows the appellant to have been a traveller at the time he is charged with carrying the pistol concealed upon his person, and he was not liable to a prosecution under the statute. The decision in the case of *Burst* v. *State*, 89 Ind. 133, fully sustains this theory. See, also, *Gholson* v. *State*, 25 Am. Rep. 652, and authorities cited in note.

The court erred in overruling the motion for a new trial.

Judgment reversed, with directions to sustain the motion for a new trial.

