State *v.* Smith.

From Hamilton Circuit Court; *J. F. Neal,* Judge.

Action by Manson Head against Clay township, Hamilton county, for damages for the killing and maiming of sheep. From a judgment for plaintiff, defendant appeals. *Appeal dismissed.*

*I. W. Christian, W. S. Christian* and *E. E. Cloe,* for appellant.

*C. N. Beamer, F. E. Gavin, T. P. Davis* and *J. L. Gavin,* for appellee.

---

## THE STATE *v.* SMITH.

[No. 19,625. Filed October 9, 1901.]

WEAPONS.—*Travelers.*—*Criminal Law.*—One going from his home by rail a distance of fifteen miles in an adjoining county to attend a political convention is not a traveler within the meaning of §2069 Burns 1901, entitling him to carry concealed weapons. To come within the exception of the statute the travel must be without the ordinary habits, business, or duties of the person, and at least such a distance from his home as takes him beyond the circle of his acquaintances, among strangers, with whose habits, conduct, and character he is not acquainted.

From Sullivan Circuit Court; *O. B. Harris,* Judge.

Appellee Herb Smith was tried on the charge of carrying concealed weapons and acquitted. Appeal by State. *Appeal sustained.*

*W. L. Taylor,* Attorney-General, *Merrill Moores, C. C. Hadley, E. W. McIntosh* and *W. H. Bridwell,* for State.

MONKS, C. J.—Appellee was tried and acquitted of the offense of carrying concealed weapons. This appeal was taken under §8 of the act of 1901 (Acts 1901, p. 566), being §1337h Burns 1901, and requires this court to determine the proper construction of §2069 Burns 1901, §1985 R. S. 1881 and Horner 1897.

The question presented is whether or not appellant, who went from his home in Sullivan, Indiana, by rail, to Linton, in an adjoining county, a distance of fifteen miles, to attend a political meeting, having no other business, and returned from the meeting to his home, was a traveler within the meaning of §2069 (1985), *supra.* If he was a traveler his case must be affirmed; if he was not the appeal must be sustained.

The evil sought to be remedied by said section was the insecurity of life caused by the pernicious habit of carrying concealed weapons, and the consequent demoralization of society. The word "traveler" when used in a broad sense designates one who travels in any way, distance not being material. It is clear that the legislature did not use the word in this sense, for such signification would destroy the very purpose for which the section was enacted, by licensing rather than suppressing the practice of carrying concealed weapons. It is manifest, therefore, that the word was employed in a more limited sense and was intended to designate a person traveling at least such a distance as takes him among strangers, with whose habits, conduct, and character he is not acquainted, where unknown dangers may exist, from which there may be a necessity to protect himself by preparing for a defense against an attack.

It follows that to come within the exemption of said section the travel must be without the ordinary habits, business, or duties of the person and at least to such distance from his home as takes him beyond the circle of his general

acquaintances, among strangers with whose habits, conduct, and character he is not acquainted. Bishop on Stat. Crimes §788a; Bouvier's Law Dictionary (Rawles rev. ed.), p. 1134; 5 Am. & Eng. Ency. of Law (2nd ed.) 743; *Gholson* v. *State,* 53 Ala. 519, 25 Am. Rep. 652, and cases cited; *McGuirk* v. *State,* 64 Miss. 209, 1 South. 103; *Hathcote* v. *State,* 55 Ark. 181, 183-185, 17 S. W. 721; *Davis* v. *State,* 45 Ark. 359. To the extent that *Burst* v. *State,* 89 Ind. 133 and *Lott* v. *State,* 122 Ind. 393, may be deemed to hold a contrary doctrine, they are disapproved.

It is therefore evident that appellant was not a traveler within the meaning of said section. Appeal sustained.