Clarence Henry **ALLEN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40770.

Court of Criminal Appeals of Texas.

Nov. 8, 1967.

On Motion to Reinstate Appeal Jan. 10, 1968.

Roy G. Baker, Sherman, Cox & Cox, Sherman (On Appeal Only), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

PER CURIAM.

Unlawfully carrying a pistol is the offense; the punishment, a fine of $100.

The record on appeal does not include sentence pronounced by the trial court, as required by Articles 40.09–1, 42.02, and 42.04, Vernon's Ann.C.C.P.

The appeal is dismissed.

## OPINION
## ON MOTION TO REINSTATE
## THE APPEAL

MORRISON, Judge.

Sentence has now been pronounced, notice of appeal given, and the appeal is reinstated. We will now discuss the case on the merits.

Appellant's sole contention is that the evidence is insufficient to sustain the conviction because the record shows without question that appellant was at the time of his arrest a legitimate traveler, and therefore not guilty by virtue of the exception contained in Article 484, Vernon's Ann.P.C.

Trial was had before the court without the intervention of a jury, upon a plea of not guilty.

The agreed statement of facts authorized by Article 40.09, Sec. 14, Vernon's Ann.C.C.P., reflects that the following facts were proven. Appellant was a Staff Sergeant in the Air Force on duty at Perrin Air Force Base in Grayson County, where he maintained a home for his family, that in June 1966, he was ordered to attend a special school at Sheppard Air Force Base in Wichita Falls, which he attended regularly until the month of October 1966, and that each week-end he would return to his home in Grayson County, some 120 miles away. On September 19, 1966, appellant took his pistol from his home in Grayson County and put it in the glove compartment of his car, where it remained until he reached Sheppard Air Force Base, at which time he removed the pistol from the glove compartment and placed it in his quarters. On September 23, 1966, the day charged in the information, appellant packed his belongings at Sheppard (including his pistol) and

started home to Grayson County. Shortly before reaching home he was involved in an automobile accident (for which it appears he was not charged with any violation of the traffic laws) and after determining that his automobile would have to be towed to a garage for repairs, appellant took his pistol and some important papers enclosed in a paper bag from his automobile and awaited the arrival of the Highway Patrol. Upon his arrival at the scene, the patrolman asked to examine the paper bag and placed appellant under arrest for unlawfully carrying a pistol.

We have concluded that appellant's contention is sound and that this conviction cannot stand.

Accordingly, the judgment is reversed and the cause is remanded.