STATE of Missouri, Respondent,

v.

Elijah Van HORNE, Appellant.

No. 62551.

Supreme Court of Missouri,
Division No. 2.

Oct. 13, 1981.

Howard McFadden, Public Defender, Thomas H. Hearne, Asst. Public Defender, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Jay D. Haden, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Elijah Van Horne was convicted by a jury of carrying a concealed weapon in violation of § 571.115 RSMo 1978, and sentenced to confinement by the Department of Corrections for a term of two years. He has appealed from the ensuing judgment.

Appellant does not challenge the sufficiency of the evidence. We need only state that a jury reasonably could find that on January 21, 1979, while appellant was an inmate of Algoa Reformatory, a search of his person disclosed that he was carrying concealed in the sock for his left foot and covered by his left pants leg a "kitchen knife 8 or 8½ inches long that had been sharpen down to a point and the edge had been sharpened and had white tape wrapped around the handle." For comparison see *State v. Wood*, 562 S.W.2d 699 (Mo. App.1978).

Section 571.115 RSMo 1978, in its material parts is as follows:

"If any person shall carry concealed upon or about his person a dangerous and deadly weapon of any kind or description * * * he shall, upon conviction, be punished by imprisonment by the division of corrections for not more than five years or by imprisonment in the county jail not less than fifty days nor more than one year, but nothing contained in this section shall apply * * * to persons traveling in a continuous journey peaceably through this state."

By his first point appellant asserts that § 571.115 is in violation of the equal protection clause of the Federal and State Constitutions "in that it contains an exception exempting its application to persons traveling through the state which constitutes an unreasonable and arbitrary classification by applying only to persons not traveling through the state."

■ The above statute does not affect "fundamental rights" as that term is used in *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 312, 96 S.Ct. 2562, 49 L.E.2d 520 (1976), and it does not involve a "suspect class" in need of special protection. Therefore, "the legislation will be struck down [on the basis that it constitutes a denial of equal protection of the law] only if it is not rationally related to some legitimate state interest." *Labor's Educational and Political Club-Independent v. Danforth*, 561 S.W.2d 339, 347 (Mo. banc 1978).

■ Regulation of the carrying of firearms and other dangerous weapons is an exercise of the State's police power. Annotation, 28 A.L.R.3d 854 § 5. "The equal protection clause does not forbid a State to create classes in the adoption of regulations under its police power, but it allows wide discretion, precluding only that done with-

out any reasonable basis and therefore arbitrary, or as otherwise stated, it forbids invidious discrimination. *Morey v. Doud*, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957); *Kansas City v. Webb*, 484 S.W.2d 817 [1972]", *Howe v. City of St. Louis*, 512 S.W.2d 127, 132 (Mo. banc 1974). See also, *City of St. Louis, v. Liberman*, 547 S.W.2d 452 (Mo. banc 1977).

"The main and sole purpose of § 564.-610 [now § 571.115] is to break down the 'pernicious and dangerous' habit of carrying concealed weapons to be used if it should become necessary, *State v. Murray*, 39 Mo.App. 127, 130 (1890), and to check and prevent, if possible, a practice which leads to woundings and injuries, *State v. Hovis*, 135 Mo.App. 544, 116 S.W.2d 6, 7 (1909). The evil aimed at and attempted to be corrected by the general assembly is a serious one, and the intent at which the statute is aimed is to prohibit the carrying of a deadly and dangerous weapon concealed upon or about the person." *State v. Jordan*, 495 S.W.2d 717, 720 (Mo.App.1973).

The legislature has created a class exempt from the penal provisions of § 571.115 consisting of "legally qualified sheriffs, police officers and other person whose bona fide duty is to execute process, civil or criminal, make arrests, or aid in conserving the public peace, [and] persons traveling in a continuous journey peaceably through this state." *State v. Cousins*, 131 Mo.App. 617, 110 S.W. 607 (1908). The basic question here is whether the equal protection clause precludes the legislature, in the exercise of its discretion, from creating this exempt class, and from including in that class "persons traveling in a continuous journey peaceably through this state."

An exemption to "travelers" from the regulation of carrying concealed weapons is not unique to this State. For somewhat similar provisions, but containing different wording, see *State v. Hanigan*, 312 So.2d 785 (Fla.App.1975); *State v. Smith*, 157 Ind. 241, 61 N.E. 566 (1901); *Hathcote v. State*, 55 Ark. 181, 17 S.W. 721 (1891); *Joseph v. State*, 299 So.2d 211 (Miss. 1974); *Allen v. State*, 422 S.W.2d 738 (Tex.Cr.App.1968).

■ A classification is arbitrarily discriminatory, and therefore unconstitutional, if it rests upon a ground wholly irrelevant to the achievement of the legislative objective. *Gem Stores, Inc. v. O'Brien*, 374 S.W.2d 109 (Mo. banc 1963). "The purpose of the exception is to enable travelers to protect themselves on the highways against such potential or unknown dangers as are not supposed to exist among their own neighbors; * * *." 94 C.J.S. Weapons § 9c. This unquestionably is a legitimate matter of state interest. As stated in *State v. Smith*, supra, the evil sought to be remedied by the prohibitory statute "was the insecurity of life caused by the pernicious habit of carrying concealed weapons, and the consequent demoralization of society." By granting an exemption to persons traveling in a continuous journey peaceably through this State the legislature recognized first, that the evil sought to be remedied did not require the application of the prohibitory provisions as to them, and second, because the traveler is not among neighbors and acquaintances, the need for additional means of protection should be recognized. This was clearly a matter of a legitimate state interest and this classification does not rest upon grounds irrelevant to the achievement of the legislative objective by the enactment of the prohibitory provisions. In other words, the classification for the purpose of granting the exemption from the penal provisions has a rational basis. *State v. Brown*, 599 S.W.2d 498, 504 (Mo. banc 1980). The special classification cannot be held, as a matter of law to constitute an unlawful invidious discrimination.

■ By his second and remaining point appellant asserts that § 571.115 is "unconstitutionally vague" because the term "continuous journey through the state" is undefined and is not self-explanatory and therefore it "fails to define its prohibitions clearly."

We first note that the term "persons traveling in a continuous journey peaceably through this state," is not a part of the prohibitions contained in § 571.115, but is a part of an exception to the specified prohibitions, and appellant makes no contention that he was a member the class exempted from the penal provisions. This is understandable because at the time of the offense appellant was an inmate of a penal institution.

The act prohibited by § 571.115 is to "carry concealed upon or about [the] person a dangerous and deadly weapon of any kind or description." This language is clear as to its meaning, and provides adequate notice to a person of ordinary intelligence what conduct is proscribed. *In the Matter of Trapp*, 593 S.W.2d 193 (Mo. banc 1980); *Labor's Educational and Political Club-Independent v. Danforth*, supra. Appellant is not entitled to challenge for vagueness a provision of the statute which constitutes only an exception to those persons subject to the penal provisions when appellant does not contend he is or should be included in the class to which the exception applies.

Aside from the above, we consider the challenged term to be clear and unambiguous, and that it is capable of being understood by reasonable persons of ordinary intelligence. The words are of plain meaning and of common usage. See *State v. Mason*, 571 S.W.2d 246 (Mo. banc 1978) and *State v. Cooper*, 563 S.W.2d 784 (Mo.App.1978), where the questioned term was analyzed and defined.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

WELLIVER, P. J., and HIGGINS and SEILER, JJ., concur.