STATE of Missouri,
Plaintiff-Respondent,

v.

Richard M. BAKER,
Defendant-Appellant.

No. 12470.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 20, 1982.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied Sept. 10, 1982.

**618**

Donald E. Sotta, David Robards, Joplin, for defendant-appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

BILLINGS, Judge.

Defendant Richard Baker was tried and convicted of carrying a concealed weapon in violation of § 571.115, RSMo 1978,[1] and sentenced to 50 days in the Jasper County jail. He contends the evidence was not sufficient to support the jury's verdict and that the statute under which he was convicted denies equal protection of the law and due process of law. We affirm.

In reverse order, we consider defendant's contentions. His claims concerning equal protection of the law and due process are directed to that part of the statute which exempts "persons traveling in a continuous journey peaceably through this state." He argues there is no justifiable or rational basis for differentiating between travelers and non-travelers and that it is impossible to determine what persons are exempted under the statute because of vagueness. Our supreme court considered and rejected similar attacks on the statute in *State v. Horne,* 622 S.W.2d 956 (Mo.1981), and, for the reasons therein expressed, we deny defendant's contentions.

Defendant makes a double-barreled assault on the sufficiency of the State's evidence. He argues the pistol he was carrying was discernible by ordinary observation and that he was on a continuous journey through the state.

In reviewing the sufficiency of the evidence to support the verdict of the jury, we review the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the State, and disregard and cast aside contrary evidence and inference. *State v. Williams,* 600 S.W.2d 120 (Mo.App.1980).

There was substantial evidence from which the jury could find that the defendant was carrying a pistol in a shoulder holster beneath an army field jacket and that the weapon could not be seen unless the jacket was pulled back. The test for concealment is whether the weapon is discernible by ordinary observation. *State v. Black,* 618 S.W.2d 466 (Mo.App.1981). Prior to the defendant's arrest officers observed him from various angles and it was only when he pulled back his jacket could the weapon be seen.

---

1. *Section 571.115, RSMo 1978,* in its material parts is as follows: "If any person shall carry concealed upon or about his person a dangerous or deadly weapon of any kind or description ... he shall, upon conviction, be punished by imprisonment by the division of corrections for not more than five years, or by imprisonment in the county jail not less than fifty days nor more than one year, but nothing contained in this section shall apply ... to persons traveling in a continuous journey peaceably through this state." Repealed by Laws 1981, p. 639, H.B. No. 296, § 1. The prohibition against carrying concealed weapons and exceptions thereto are now found in § 571.045, V.A.M.S.

Defendant was carrying the pistol, in the manner above-described, when he was arrested in mid-afternoon at the Radio Shack in Carthage. He had gone there with his girl friend to purchase fuses for his stereo which was located at the house on a rural route in Carthage where he told the arresting officers he was living.

■ " 'The purpose of the exception is to enable travelers to protect themselves on the highways against such potential or unknown dangers as are not supposed to exist among their neighbors; * * *.' " *State v. Horne,* supra, at 958. The fact that defendant's girl friend testified he had arrived in Carthage from the country of Mexico the evening before his arrest and planned to go to Alton, Illinois, the night of his arrest, does not convert his shopping trip to Carthage into a "continuous journey ... through this state."

The judgment is affirmed.

MAUS, P. J., and HOGAN, J., concur.