STATE of Missouri, Respondent,

v.

Dwight Anthony DAVIS, Appellant.

No. 70855.

Supreme Court of Missouri,
En Banc.

Feb. 14, 1989.
Rehearing Denied March 14, 1989.

Ronald A. Conway, M. Elise Branyan, Asst. Public Defenders, Springfield, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, Carrie Francke, Sp. Asst. Atty. Gen., Columbia, for respondent.

RENDLEN, Judge.

Dwight Anthony Davis appeals his convictions of sodomy, § 566.060.1, RSMo 1986, first degree robbery, § 569.020, and two counts of kidnapping, § 565.110, for which he was sentenced to fifteen years' imprisonment on each count of kidnapping and life imprisonment for robbery, all to be served concurrently, plus a fifteen year consecutive sentence for sodomy pursuant to § 558.026.1. Because Davis challenges the validity of § 558.026.1, the action falls within this Court's exclusive appellate jurisdiction, Mo. Const. art. V, § 3, and accordingly Southern District properly transferred the cause here. Mo. Const. art. V, § 11. We affirm.

The incidents leading to the convictions began during the early morning hours of May 6, 1987, as the male victim (M.), and the female victim (F.), were seated in M.'s car in a Springfield park. The evidence supportive of the verdict discloses that appellant forced his way into the car, displayed what appeared to be a pistol, and threatened the victims. In the course of the morning's events, as appellant continued to threaten the victims, they travelled through Greene County and appellant took M.'s wallet and F.'s purse, withdrew funds from M.'s bank account, and forced F. to perform oral sex upon appellant and M.

■ Appellant first claims that § 558.026.1 is a violation of his right to equal protection of the laws as guaranteed by the constitutions of the United States and the State of Missouri. That statute, adopted in 1982, provides:

Multiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively; except that, in the case of multiple sentences of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid and for other offenses committed during or at the same time as that rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid, the sentences of imprisonment imposed for the other offenses may run concurrently, but the sentence of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid shall run consecutively to the other sentences.[1]

According to appellant, the statute "requires consecutive sentences for a class of defendants with no rational basis to support the classification." In our examination of this contention, we must determine "whether the classification is rationally related to a legitimate state interest," *Belton v. Board of Police Commissioners of Kansas City*, 708 S.W.2d 131, 139 (Mo. banc 1986); "[t]he question is whether the principle of classification adopted rests upon some real difference, bearing a reasonable and just relation to the act with respect to which the classification is proposed." *State v. Ewing*, 518 S.W.2d 643, 646 (Mo. 1975). "[T]he burden is on the person attacking the classification to show that it does not rest upon any reasonable basis, and is purely arbitrary." *Belton*, 708 S.W. 2d at 139. Further, statutes are presumed valid and will be found unconstitutional "only if they clearly contravene some constitutional provision." *State v. Young*, 695 S.W.2d 882, 883 (Mo. banc 1985).

For the reasons now discussed, we hold that appellant has failed to demonstrate the classification does not rest upon a rational basis, and has not overcome the presumption of validity. It cannot be questioned that the punishment of rapists and sodomists and the prevention of these offenses are legitimate interests of the state.

---

1. "A person commits the crime of forcible rape if he has sexual intercourse with another person to whom he is not married, without that person's consent by the use of forcible compulsion." § 566.030.01. "A person commits the crime of rape if he has sexual intercourse with another person to whom he is not married who is less than fourteen years old." § 566.030.3. The crimes of forcible sodomy and sodomy are similarly defined, except that they involve "deviate sexual intercourse." § 566.060.

Sodomy is a crime "of a vile and degrading nature," *State v. Dayton*, 535 S.W.2d 469, 479 (Mo.App.1976), and the same is true of rape. In an effort to provide that a suitable punishment is exacted and that these loathsome crimes will not soon be repeated, the legislature has determined that the sentences thereon shall be served consecutively to the sentences for other crimes committed during or at the same time. Appellant showers us with hypotheticals, complaining that the statute does not require consecutive sentences for those who commit a crime other than sodomy or rape, heinous though the crime may be, and commit another offense at the same time, nor does the statute require consecutive sentences for those who commit sodomy or rape and another odious offense at a different time. However, the equal protection clause and interpretative case law impose no requirement that different crimes be punished in the same way, thus the legislature may single out rape and sodomy for special treatment. We do not find the legislature's classification arbitrary. It is based on the abhorrent nature of rape and sodomy, and appellant's argument ignores the fact that in the other situations which he has enumerated, the statute allows the trial court discretion to impose consecutive sentences when such are deserved. "A classification is arbitrarily discriminatory, and therefore unconstitutional, if it rests upon a ground wholly irrelevant to the achievement of the legislative objective." *State v. Horne*, 622 S.W.2d 956, 958 (Mo. 1981); *see also McGowan v. Maryland*, 366 U.S. 420, 425, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961). Such is not the case here, for the statutory classification, consisting of those who commit rape or sodomy and another offense at the same time, is relevant to the punishment, deterrence and prevention of rape and sodomy. The legislature has therefore determined that these offenders shall serve their sentences consecutively; this determination, bearing a rational relationship to its objective, stands the test of validity, and appellant's unconvincing contention falls short of overcoming the presumption of constitutionality.

Appellant relies on *State v. Baker*, 524 S.W.2d 122 (Mo. banc 1975), where this Court employed equal protection principles to invalidate § 546.480, RSMo 1969. That section required consecutive sentences for persons who had been convicted of two or more offenses but had not yet been sentenced for either. In reaching that conclusion, the *Baker* court stated that:

> applicability of the mandatory consecutive sentencing requirement for multiple offenders has no relationship to such things as seriousness of the offenses committed, the factual circumstances surrounding the offenses, whether the offenses were committed at the same time or at different times or the previous criminal record of defendant, and is dependent solely on the chronological happenstance of whether there were two convictions before sentencing on either offense.

Id. at 130. The statute challenged here is readily distinguishable, for it not only contains a classification based on the nature of the offense but requires that another crime be committed during or at the same time as the rape or sodomy. Such classification is not based on the mere peculiar "chronological happenstance" of *Baker*.

A more closely analogous statute is § 222.020, RSMo 1969, which mandated consecutive sentences for those who committed "any crime in an institution of the department of corrections, or in any county of this state while under sentence." This statute was upheld against an equal protection challenge in *King v. Swenson*, 423 S.W.2d 699, 705 (Mo. banc 1968),[2] and the statutes are similar in requiring consecutive sentences for a class of persons who committed a crime under prescribed circumstances. Section 222.020 focused on those who committed a crime while under a previous sentence or while held in an institution of the department of corrections. Similarly, the statute at bar focuses on

---

**2.** *Baker*, 524 S.W.2d at 130–31, overruled the portion of *King v. Swenson* which upheld the constitutionality of § 546.480, RSMo 1969, but *King v. Swenson* remains good law as to § 222.020. *Stephens v. State*, 583 S.W.2d 282, 283 (Mo.App.1979).

those who committed another crime in the course of a rape or sodomy. Equal protection offers the general guarantee of like treatment and similar punishment of persons convicted of the same acts committed under similar circumstances, *see People v. Lucero,* 714 P.2d 498, 504 (Col.App.1985), and those who commit crimes in the course of rape or sodomy are not similarly situated with offenders committing acts not involved in a coincident sex crime.

■ Appellant next argues he deserved a new trial because the state failed to disclose lab reports showing that semen on his jacket was not from a person of his blood type. Though the state concedes this evidence was not disclosed to appellant in response to his discovery request as required by Rule 25.03, a trial court abuses its discretion in failing to impose sanctions for discovery violations only if fundamental unfairness results; i.e., if the evidence would affect the outcome of the trial. *State v. Royal,* 610 S.W.2d 946, 951 (Mo. banc 1981); *State v. Stewart,* 636 S.W.2d 345, 348 (Mo.App.1982). Had it been admitted in evidence, the lab report would not have been outcome determinative, for it would not have necessarily lend credence to appellant's defense that the sexual acts were consensual; even if the seminal fluid were not appellant's, it cannot be said that such fact would be inconsistent with the jury's findings that appellant forced the victims to submit to the sexual crimes. Accordingly, we conclude the trial court did not abuse its discretion in refusing to order a new trial, *see Stewart,* 636 S.W.2d at 348, and the point is denied.

■ For his next contention, appellant complains that the first degree robbery instruction was unsupported by substantial evidence in allowing the jury to find as an essential element that appellant "displayed or threatened the use of what appeared to be a deadly weapon or dangerous instrument." This contention is belied by the transcript, where we find the following exchange during the testimony of victim M.:

A  Okay, I knew he had something ... I thought it was kind of a cap-ball pistol, that's what I described it to the police.[3]

\*      \*      \*      \*      \*      \*

Q  Can you describe what you think you saw?

A  Yes, just I saw metal parts and wood handle.

\*      \*      \*      \*      \*      \*

Q  Where have you seen a cap and ball pistol?

A  Silver Dollar City.

From this it may be seen that the challenged portion of the court's instruction setting forth this element of first degree robbery, § 569.020.1(4), was supported by the evidence and the reasonable inferences therefrom.

In so holding, we find inapposite the case of *State v. Reed,* 670 S.W.2d 545 (Mo.App. 1984), where the defendant's co-actor had his hand in his pocket and there was no evidence that the victim saw a weapon, a part of a weapon, or the outline of a weapon. The court in *Reed* determined that submission of a first-degree robbery instruction, allowing the jury to find that the co-actor was armed with a deadly weapon, was erroneous. Id. at 547. In the case at bar, M.'s testimony is clear evidence that appellant *"displayed* or threatened the use of what *appeared to be* a deadly weapon or dangerous instrument (emphasis added);" additionally, there was ample evidence that he threatened the use of the apparent weapon.

■ Finally, we may summarily dispose of appellant's contention that the trial court erred in admitting into evidence his statement that he was in the area to make a drug buy as part of an undercover operation for the Springfield Special Intelligence Unit. Appellant contends this was inadmissible evidence of other crimes or improper conduct, but we cannot conceive that the statement fits the definition of either of those terms. The statement was relevant to establish appellant's presence in the area and to the extent appellant might have made the statement with an exculpatory

---

**3.** *M. is of foreign descent, hence the grammati-* cal constructions.

purpose we find no prejudice by its admittance. The trial court acted within its discretion in allowing the evidence.

AFFIRMED.

All concur.