## Eslava v. The State.

*Indictment for Carrying Concealed Weapons.*

1. *Carrying concealed weapons; exceptions generally.* — The right to carry concealed weapons, reserved by the statute in certain excepted cases (Rev. Code, § 3555), is coextensive only with the particular necessity, and ceases when that necessity ceases.

2. *Same; exception in favor of travellers.* — A person who resides in the country, contiguous to a city or town, in which he has a place of business, to which he is in the habit of coming daily, returning home at night, is not "travelling," or "setting out on a journey," within the exception contained in the statute, when he is merely passing between his residence and his place of business

FROM the City Court of Mobile.

Tried before the Hon. C. F. MOULTON.

The defendant in this case was indicted for carrying concealed weapons, and was convicted under the charge of the court. " On the trial," as the bill of exceptions states, " the State introduced one Lefranc as a witness, who testified that the defendant, within twelve months before the finding of the indictment, and in the County of Mobile, carried a pistol concealed in the inside breast-pocket of his coat ; and that the occasion of its discovery was when the defendant assaulted witness on the public streets in the city of Mobile, during the business hours of the day, used violent language, drew the pistol from his pocket, and threatened to shoot said witness. The defendant then introduced one Thorp as a witness, who testified that the defendant lived at Spring Hill, six miles distant from the city of Mobile, and came into the city every morning in his buggy, which he left at witness's stable during the day, returning home in the evening between three and four o'clock, though sometimes he did not start till after nightfall ; that he came to the city in this way on the morning in question, and that he had no office or regular place of business in the city. The defendant then introduced one Bressingham as a witness, who testified that the general reputation of parts of the Spring Hill road travelled by the defendant, among cabmen and others, was, that it was a dangerous road to travel after night, on account of its being infested with evil-disposed persons ; that he (witness), when he went out on that road at night, always put out his

lamps as a means of precaution; that on one occasion, about eight years ago, when the federal troops were encamped in large numbers all about the suburbs of the city, his cab was assaulted, but he had never been disturbed in any way since while driving on that road. This being all the evidence, the court charged the jury that if they believed, from the evidence, that the defendant resided at Spring Hill, about six miles from the city of Mobile, and was in the habit of coming to the city every morning in his buggy, returning in the evening, and sometimes after dark, and that he had reason to believe that the road from Spring Hill to the city, over which he travelled, was dangerous, in consequence of vicious persons being in the vicinity of the road for the purpose of robbery, or public plunder, then the defendant would be justified in carrying concealed weapons while so engaged in travelling, and should be acquitted. But if they further believed, from all the evidence in the case, that the defendant was in the daily habit of coming to the city, engaging in his business in the city from morning until evening, mingling with the inhabitants of the city in business and social intercourse, and carried a pistol concealed about his person during this time, not being justified or excused otherwise than for the reason of his having to travel to and from Spring Hill, then he would be guilty, as charged in the indictment. The defendant excepted to this charge, and requested the court, in writing, to instruct the jury that if they believed, from the evidence, that the defendant, at the time he was charged with carrying concealed weapons, resided about six miles from the city of Mobile, and arrived in the city that morning, in his own carriage, on a journey from his place of residence, and intended to return home in the evening by the same conveyance, they could not find him guilty. The court refused this charge, and the defendant excepted to its refusal."

BRICKELL, J. — In the charge given, and in the charge refused, the City Court committed no error prejudicial to the appellant. If it be conceded that the appellant had the right to carry the pistol concealed, because of the danger incident to his necessary travel to and from his residence and his place of business in the city, the right could only be coextensive with the necessity. If the necessity existed only while he was travelling, then, if after he reached the city and had a reasonable opportunity of divesting himself of the weapon, or of changing the manner of carrying it so as not to offend the statute, he continued to bear it concealed about his person, he is guilty as charged. This is the view on which the City Court proceeded, and presented it, in the charge given, very favorably

[Sellers v. State.]

to the appellant. The charge requested was in conflict with this view, and was properly refused.

2. We must not be understood as recognizing the proposition that one who resides in the country, contiguous to a town or city, and has a place of business in the town or city, can, while going to and from his residence and to his place of business, be considered as "travelling, or setting out on a journey," within the meaning of the statute. There may or may not be, as there may or may not be in passing and repassing the streets of a town or city, dangers attendant on such passage, inducing "good reason to apprehend an attack," and relieving the act of carrying a weapon concealed of all criminality. But the "travelling or setting out on a journey," which under the statute excuses the act, must be a travel to a distance from home, and not within the ordinary line of the person's duties, habits, or pleasure.

The judgment of the City Court is affirmed, with costs.