## THOS. MAXWELL v. THE STATE OF TEXAS.

1. The act prohibiting the carrying of deadly weapons was not intended to prevent persons traveling in buggies or carriages upon the public highway from placing arms in their vehicles for self-defense; or from carrying them from place to place for other innocent purpose.
2. A traveler is not compelled to lock his arms in his trunk or valise, where they would be useless to him if attacked.

APPEAL from Lamar. Tried below before the Hon. R. H. Taylor.

The defendant was indicted at the November term of the District Court of Lamar county, for unlawfully carrying a pistol.

J. J. Vessels, witness for the State, testified that about July 4, 1872, he was riding along the public road, on horseback, when defendant drove up behind him in a buggy, in a swift trot, having in the buggy with him one James Smith. When defendant overtook witness, he checked his team, and began a conversation, which resulted in a quarrel, during which defendant reached down in his buggy and drew out a derringer pistol, and presented it at witness, when Smith caught hold of defendant's arm and stopped him.

Verdict of guilty, with fifty dollars fine, and defendant appealed.

*Maxey, Walton & Green,* for appellant.

*Attorney-General,* for appellee.

. WALKER, J.—In this case the Attorney-General moves to dismiss the appeal for want of a legal recognizance. The motion is not well taken.  The appellant is indicted for carrying a certain pistol about his person unlawfully. We do not think any unlawful act has been made to appear.  The appellant has been twice indicted and twice tried; has been twice convicted for the same offense, and has appealed to this court in both cases.

In the opinion of this court, the act prohibiting the carrying of deadly weapons was not intended to prevent persons traveling in buggies or carriages upon the public highway from placing arms in their vehicles for self-defense, or even from carrying them from place to place for an innocent purpose.  We can hardly conceive that a traveler would be compelled to lock up his arms in his trunk or valise, where they would be useless to him if attacked.

But it is contended that because the appellant had a pistol in his buggy, and on meeting a person with whom he had an altercation took the pistol menacingly in his hand, as if to shoot his adversary, he thereby commits an offense under this statute.  He may be guilty of an assault with a deadly weapon, but it does not necessarily follow that he had the weapon unlawfully upon his person before committing the assault.

We are of opinion that judgment in this case should be reversed and the cause dismissed.

REVERSED AND DISMISSED.