[Wilson v. The State.]

# Wilson *v.* The State.

*Carrying Concealed Weapons; Indictment under Section 4109 of the Code of 1876.*

1. *"Traveling" and "setting out on a journey" construed.*—*"Traveling"* and "setting out on a journey" are used in the statute in the popular meaning of the terms, and it is impossible to lay down any unbending rule or determine the distances which will characterize the act as a journey or the actor as a traveler. Much must depend on the circumstances of each particular case.

2. *Same ; what circumstances may constitute.*—The fact of leaving the neighborhood of one's immediate acquaintances and friends, going among strangers, and, possibly, the purpose and object in view, are circumstances to be weighed by the jury in determining whether the defendant was traveling, or setting out on a journey, so as to excuse the carrying of weapons concealed about his person.

3. *Carrying concealed weapons ; charge of judge on a trial for.* There may be cases so plain that the presiding judge may, as matter of law, instruct the jury that the defendant was or was not traveling or setting out on a journey. But, when the only evidence in the case was, that defendant was setting out by railroad to a place in another county, distant by railroad forty miles, and by dirt road twenty miles, and the court charged the jury this was not setting out on a journey,—*Held,* error. [The majority of the court go further, and hold that if this testimony be believed, defendant was setting on a journey.]

APPEAL from Bullock Circuit Court.

Tried before Hon. H. D. CLAYTON.

Appellant was indicted at the Spring Term, 1881, of the Bullock Circuit Court, for carrying a pistol concealed about his person. The act for which he was indicted was done before the enactment of the statute of February 19th, 1881, and the indictment was found under section 4109 of the Code of 1876.

It appears from the evidence that the defendant carried a pistol concealed about his person at Mitchell's Station, in Bullock county, on the 29th day of February, 1881. The defendant proved that at this time he was in the act of starting from Mitchell's Station to go to Hickory Bend by railroad, and by way of Montgomery, Alabama, in search of a negro who had stolen money from him a few nights before ; that Mitchell's Station is about twenty-five miles from Montgomery, on the Montgomery & Eufaula Railroad ; that Hickory Bend is about fifteen miles from Montgomery, on the Western Railroad, and that the way by Montgomery was at

that time the route usually traveled from said Mitchell's Station to said Hickory Bend; that, by the dirt road, Hickory Bend is about twenty miles from Michell's Station. Upon this evidence the State asked a charge instructing the jury that if the evidence only showed that the defendant was setting out by railroad from Mitchell's Station to Hickory Bend by way of Montgomery; that Hickory Bend was only forty miles from Mitchell's Station by railroad, and only twenty miles by dirt road, that this was not setting out on a journey within the meaning of the statute. This charge the court gave, and the defendant excepted. The defendant asked a charge asking instructions the reverse of those asked by the State, and the court refused to give the charge, and defendant excepted. The jury brought in a verdict of guilty as charged. The rulings of the court in giving the charge asked for by the State, and refusing the charge asked for by the defendant, are here assigned as error.

H. C. TOMPKINS, Attorney-General, for the State.

· STONE, J.—The act for which the defendant in this cause was indicted, was done before the enactment of the statute of February 19th, 1881.—Pamph. Acts, 38. Hence, this case is governed by section 4109 of the Code of 1876.

The question, what constitutes a journey, under our statute, has been several times before this court.—*Lockett v. The State*, 47 Ala. 42; *Eslava v. The State*, 49 Ala. 355; *Gholson v. The State*, 53 Ala. 519; *Coker v. The State*, 53 Ala. 95. The case of *Gholson v. The State*, is republished in 25 Amer. Rep. 652, to which is appended a note of many decisions bearing on a kindred question. The English decisions therein referred to, were rendered on a very different statute, having a different object. So of the cases from Massa-. chusetts. The case of *Waddell v. The State*, 37 Tex. 354, was for carrying a pistol, under a statute somewhat like, yet differing from ours. Going very short distances—ridiculously short, in some of the cases—are held to constitute persons travelers under their statutes. *Traveling*, and setting out on a *journey*, are the descriptive words employed in the exception to our statute. These words are used in their popular sense, and it is impossible to lay down any unbending rule, or determinate distance, which will unerringly characterize the act as a journey, or the actor as a traveler. Much must depend on the circumstances of each particular case. In Gholson's case, this court approved the language of the dissenting opinion in Lockett's case, that "the distance of travel was intended to be such as would take him beyond

the circle of his general acquaintance, and amongst strangers, for whose conduct he was in no wise responsible, either by precept or example, and against whom he was not protected by the consideration we exhibit for those whom we know." So, in Coker's case it was shown the defendant had traveled from his own county, across a second, and into a third, among strangers, and it was conceded, rather than decided, that this constituted him a traveler.

We think that leaving the neighborhood of one's immediate acquaintances and friends, and going among strangers, and, possibly, the purpose and object had in view, are circumstances to be weighed by the jury in determining. whether the defendant was traveling, or setting out on a journey, so as to excuse the carrying of weapons concealed about the person. And while there may be cases so plain that the presiding judge might, as matter of law, instruct the jury that the defendant was or was not traveling, or setting out on a journey, we do not think the present case justified the affirmative charge given by the court. The instruction was, that if the only evidence was that the defendant was setting out by railroad from Mitchell's Station [in Bullock county] to go to Hickory Bend [in Elmore county] by way of Montgomery [in an intervening county]—that Hickory Bend was only about forty miles from Mitchell's Station by railroad, and only about twenty miles by dirt-road, that was not setting out on a journey when he left Mitchell's Station. This was equivalent to asserting that the excuse offered, if fully believed, was not sufficient in law. We all think this charge was erroneous. A majority of the court go further, and hold that under the testimony in this cause, if believed, the defendant was setting out on a journey.

Reversed and remanded.