Davis v. State.

| 45 | 359 |
| 55 | 184 |

## DAVIS v. STATE.

1. ˙ CRIMINAL LAW: *Carrying weapons: What is a journey?*
   One who is going from home by the highway to a definite point far enough distant to carry him beyond the circle of his neighbors, and to detain him throughout the day, and not within the routine of his daily business, is upon a journey within the meaning of the exception in the statute against carrying weapons.

APPEAL from *Washington* Circuit Court.

Hon. J. M. PITTMAN, Circuit Judge.

*L. Gregg* for Appellant.

A citizen has the right to keep and bear arms in his own defense. Statutes regulating the carrying of such arms tend to abridge a great constitutional right and should be very strictly construed. The object of the statute, is to prevent the having of them in such manner as not likely to be seen, etc., and not to prevent the bearing *war* arms when one deems it really necessary for defense, etc.

The charge herein is, *did wear and carry*, etc., not being on a journey, etc. These terms have direct reference to the bearing a pistol on one's person, and not to hauling one in a wagon, railway car, etc. It was error to instruct the jury that if the pistol was in the wagon where appellant could easily get to it, he was guilty. This is neither the letter nor the spirit of the law.

Cites *Bishop Stat. Cr., p. 801; 31 Ala., 387; 38 Tex., 112.*

1. Carrying weapons: What is a journey?

COCKRILL, C. J. The appellant was traveling in a wagon from his home to the town of Fayetteville. The distance is not disclosed by the bill of exceptions, but it appears that when within twelve miles of the town he borrowed a navy pistol, which he bore openly in his hand to the wagon, and proceeded upon his journey, carrying the pistol at his side on the seat or under his feet in the wagon to town and back to his residence in one continuous trip. He was indicted for carrying a pistol as a weapon, "not being then and there," as the indictment charges, "upon a journey."

The question as to whether the appellant was upon a journey was excluded from the consideration of the jury by

the form of instructions given by the court. The appellant was convicted, saved all proper exceptions and appealed.

The proviso in the statute against carrying weapons saves the right of every one to carry them "when on a journey." In *Carr v. State, 34 Ark., 448,* this court said: "The exception in the statute is to enable travelers to protect themselves on the highways."

The word journey is used in the statute in its popular sense. "It is impossible to lay down any unbending rule, or determinate distance, which will characterize the act as a journey, or the actor as a traveler. Much must depend on the circumstances of cach particular case." *Wilson v. State, 68 Ala., 41.* A journey is literally the travel of a day, but one who is merely on the movè for a day is not necessarily a traveler, and a journey, in the common acceptation, might be begun and ended in a shorter time.

But the appellant, in this case, was going from home by the highway to a definite point far enough distant to carry him beyond the circle of his neighbors, and to detain him throughout the day, and not within the routine of his daily business. This, we think, constituted a journey. *Bish. St. Cr., Sec. 788, a; Wilson v. State, sup.; Eslava v. State, 49 Ala., 355; Smith v. State, 3 Heisk, 511; Burst v. State, 89 Ind., 133; Maxwell v. State, 38 Tex., 170.*

The evidence does not, therefore, sustain the verdict, and the judgment is reversed and the case remanded for a new trial.