## No. 5471.

### J. O. DARBY v. THE STATE.

1. CARRYING A PISTOL—TRAVELER.—The proof showed that the accused' when he carried the pistol on his person, was going from his home in Williamson county to the site of said county, intending to return on the following day. *Held* that such facts did not constitute the accused a traveler within the meaning of that term as it is used in the statute denouncing a penalty for the carrying of a pistol on the person.

2. SAME—FACT CASE.—See the statement of the case for evidence adduced in a trial for carrying a pistol *held* insufficient to support the defense that, when he carried the pistol, the accused had reasonable grounds to apprehend an unlawful attack upon his person, etc.

APPEAL from the County Court of Williamson. Tried below before Hon. W. M. Key, County Judge.

The conviction was for carrying a pistol, and the penalty imposed was a fine of twenty-five dollars.

The evidence showed in substance, in addition to facts recited in the opinion, that at a point between his home and Georgetown, the county site of Williamson county, the defendant overtook one Henry Hoyle, drew a pistol partially from his pocket, and ordered the said Hoyle to throw up his hands, with the remark: "You tried to murder Hayne. He don't fight, but I am a fighting man. Hold up your hands or I will kill you!" The witness Hoyle, by whom these facts were proven, admitted that, a short time prior to the meeting referred to, he went to a mill in the neighborhood, armed with a gun, and said, in the presence of one or more parties (one of whom corroborated his statement), that if defendant "accused him of stealing cotton, he would whip defendant before hell could scorch a feather." This witness also stated that he reminded defendant, at the time of

this offense, that he, defendant, knew that he, Hoyle, was not armed, and had agreed not to carry arms.

*J. B. Robinson* and *Makemson & Price,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. This appeal is from a conviction of the offense of unlawfully carrying a pistol on the person. The defenses were, 1, that defendant, at the time he carried the pistol, was a traveler; and, 2, that at said time he had reasonable ground for fearing an unlawful attack upon his person, and that the danger was so imminent and threatening as not to admit of the arrest of the party about to make such attack, upon legal process. It was conclusively proved that the defendant carried a pistol on his person, and the evidence also shows that the two above named defenses did not exist. He was not a traveler. He resided in Williamson county, and was merely going from his residence to the county site of said county, a distance of about eighteen miles, intending to return the next day. These facts certainly did not constitute him a traveler, within the common meaning of that word, and within the spirit of the statute.

The cases upon this subject referred to by appellant's counsel are by no means parallel cases with this, in their facts. (Irvine v. The State, 18 Texas Ct. App., 51; Rice v. The State, 10 Texas Ct. App., 288; Smith v. The State, 42 Texas, 464; Maxwell v. The State, 38 Texas, 170.)

As to the other defense, the evidence fails to show that if he was in any danger whatever, it was such danger as the exception in the statute contemplates.

We find no error in the conviction, and the judgment is affirmed.

*Affirmed.*