EASLICK VS UNITED STATES.

Opinion delivered Sept. 26, 1907.

(104 S. W. Rep. 941).

1.  *Weapons—Statute.*

Mansf. Dig. § 1907 prohibits the carrying of weapons, but it is not so interpreted as to prevent a person from carrying a weapon when making a journey.

2.  *Same.*

Before a person can be convicted under the statute for carrying a weapon, it must be proved that he carried the weapon in order to always have it available for use in a fight. The jury must decide as to the reason for which the weapon was carried.

Error to the United States Court for the Southern District of the Indian Territory; before Justice J. T. Dickerson, December 6, 1904.

Goch Easlick was convicted of carrying a weapon, and brings error. Reversed.

*J. W. Hocker,* for plaintiff in error.

*J. E. Humphrey,* Asst. U. S. Atty.

LAWRENCE, J.  On May 14, 1904, Goch Easlick was indicted in the court below for carrying a weapon. He was tried

on December 6, 1904, and from the evidence it appears that he had been for about two weeks engaged in hauling corn to Purcell for his father from a place 18 miles distant; that it took two days to make the round trip, and while on the trip he camped over night at the place where he went for the corn; that on April 9, 1904, one Lawrence Ham accompanied him on the trip, and, before leaving home, Ham put his pistol in the "chuck box" under the seat in defendant's wagon, where was carried their food to eat while on their journey; that while on the road the defendant took the pistol out of the chuck box, and shot three or four times at a hawk, and then put the pistol back in the box.  On December 6, 1904, the defendant was convicted and on the same day he filed motion for new trial on the following grounds:  First, that the verdict was not supported by the testimony; second, because of errors of the court at the trial; and, third, because the court determined questions of fact which should have been left to the jury.  The motion for new trial was overruled by the court, and the defendant brought the case up to this court for review, assigning as errors of the trial court the following:

First.  The refusal of the court to instruct the jury, upon the request of the defendant, that if they believed from the evidence that the defendant was traveling along the road, going from home a distance of 18 miles, and outside the circle of his immediate neighbors, and intended to camp out over night before returning the next day, that this would constitute a "Journey" within the terms of the statute, and he would not be guilty.

Second.  The refusal of the court to instruct the jury, upon the request of the defendant, that, if they find from the evidence that the defendant had the pistol in the box under the wagon seat, and saw a hawk sitting by the road side, and then took the pistol from the box and after shooting at the hawk he then returned the pistol to the box under the Wagon

seat, he would not be guilty of "wearing or carrying the pistol as a weapon."

Third. The court instructed the jury as follows: "You are instructed, gentlemen of the jury, that if a man is employed in his daily occupation, going to and coming from his daily work, and has been doing so for some time, having a definite place to go and a definite work to do, traveling through the same neighborhood while making these travels, that then he would not in any event be upon a journey."

Fourth. The court instructed the jury as follows: "You are instructed that the possession of a pistol, whether he had it on his person or whether he had it within his reach, the possession of a loaded pistol under such circumstances as is prohibited by this statute, is in law the carrying of a pistol, and would be a violation of the law as heretofore given you."

Fifth. The court instructed the jury as follows: "In this case, if you should find that the defendant had a loaded pistol on the public highway, shooting same off, and that he was not upon a journey, as herein described to you, then you should find the defendant guilty as charged in the indictment."

One who is going from home by the highway to a definite point far enough distant to carry him beyond the circle of his neighbors and to detain him throughout the day, and not within the routine of his daily business, is upon a journey within the meaning of the exception in the statute against carrying weapons. Davis vs State, 45 Ark. 359; Hathcote vs State, 55 Ark. 181, 17 S. W. 721. It cannot be laid down as a matter of law that one whose daily business as a mail carrier takes him to a point 30 miles distant is not, while so engaged, "on a journey" within the exception to section 1907, Mansf. Dig., prohibiting the carrying of weapons. It would still be a question for the jury to decide whether in so doing he passed beyond the circle of his general acquaintance; the exception being designed as a protection against perils of the highway to which strangers are

exposed, and which are not supposed to exist among one's neighbors. Hathcote vs State, 55 Ark. 181, 17 S. W. 721. The first and third assignments of error are therefore sustained.

2. In Carr vs State, 34 Ark. 448, 36 Am. Rep. 15, the court holds: "To constitute the offense of wearing concealed weapons under section 1517, Gant's Digest, the implement must be carried about the person, to be always accessible for use in fight, and so hidden from general view as to put others off their guard." Section 1517 of Gant's Digest referred to provides as follows: "Every person who shall carry any pistol, dirk, butcher or large knife, or sword in a cane, concealed as a weapon, unless upon a journey, shall be adjudged guilty of a misdemeanor, and upon conviction.    *    *    *" Section 1907 of Mansfield's Digest of Statutes, adopted in this territory and under which this indictment was found, provides that "any person who shall wear or carry in any manner whatever as a weapon any dirk or bowie knife, or a sword, or a spear in a cane, brass or metal knucks, razor, or any pistol of any kind whatever, except such pistols as are used in the army or navy of the United States, shall be guilty of a misdemeanor.    *    *    * Provided further, that nothing in this act shall be so construed as to prohibit any person from carrying any weapon when upon a journey or upon his own premises." In order to convict the defendant, it must be first shown that the pistol was carried by him as a weapon, or so as to be always accessible for use in a fight, and this was a question to be left to the jury.

The second, fourth, and fifth assignments of error are also sustained, and the judgment of the lower court is reversed and cause remanded.

GILL, C. J., and CLAYTON, J., concur.