GILLIE WILLIAMS v. THE STATE.

No. 3233.  Decided October 14, 1914.

**1.—Carrying Pistol—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence sustained the conviction, there was no error.

**2.—Same—Traveler—State Line.**

Where, upon trial of unlawfully carrying a pistol, defendant claimed that he was a traveler when he carried the pistol, but the facts showed that defendant was not on a real journey, although he crossed the State line, the conviction was sustained. Following Hickman v. State, 71 Texas Crim. Rep., 483.

Appeal from the County Court of Harrison. Tried below before the Hon. Geo. L. Huffman.

Appeal from a conviction of unlawfully carrying a pistol; penalty, thirty days confinement in the county jail.

The opinion states the case.

*Bibb & Scott,* for appellant.—On question of traveler: Eubanks v. State, 40 S. W. Rep., 973; Price v. State, 34 Texas Crim. Rep., 102; Thomas v. State, 37 id., 142; Campbell v. State, 58 id., 349; Dillingham v. State, 32 S. W. Rep., 771; Goodwin v. State, 59 Texas Crim. Rep., 179, 115 S. W. Rep., 1184; Irvin v. State, 51 Texas Crim. Rep., 52, 100 S. W. Rep., 779.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for unlawfully carrying a pistol. The facts are clearly established and undisputed. Appellant lived in the city of Marshall in said county; he had ordered some whiskey expressed to him at a town just across the Texas line in Louisiana, twenty-six miles from Marshall. He had heard that other parties had theretofore been arrested for bringing whisky from Louisiana into Marshall, and he wanted to get his whisky without any trouble. Late one evening he went in his buggy from Marshall eight miles to a station on the T. & P. R. R. where he put up his team and soon thereafter took a T. & P. train to said station on the same railroad just across the line in Louisiana. When he got to the Louisiana station he procured his whisky and waited for a train. An M., K. & T. train passed through the Louisiana station into Texas before the T. & P. train arrived returning to Marshall. He took the M., K. & T. train and went back thereon to a station in Texas where it crossed the T. & P. line. The M., K. & T. train did not go to Marshall. He got off the M., K. & T. train at the station in Texas and waited for a later train on the T. & P. When that reached the station he got on it, intending to go back where he left his buggy, get his buggy and take his whisky back into Marshall. On this return, when he had gotten into

Texas, the sheriff observed him and found a pistol on his person which he had carried with him from his home on this trip and the sheriff arrested him. His sole defense was that he claimed to be a traveler. The case was tried before the judge without a jury.

Who is a traveler under our pistol statute is not defined thereby and has not otherwise been defined. This court has all the time held that whether or not an accused is a traveler under the statute is a question for the jury. Shelton v. State, 27 Texas Crim. App., 443. There are many decisions of this court holding under a given state of facts that a person is a traveler, and others he is not a traveler. The question practically resolves itself into whether or not the accused is on a real journey. The question of crossing the county line from one county to another, or the State line from this into another State, back and forth, really is not decisive. Of course, the burden is always on an accused to show that he is a traveler under this statute to avoid conviction. There is no question but that he carried the pistol on his person. In our opinion the judge below was authorized to find as he did, that appellant was not a traveler. Hickman v. State, 71 Texas Crim. Rep., 483, 160 S. W. Rep., 382; Stanfield v. State, 34 S. W. Rep., 116; Goss v. State, 40 S. W. Rep., 725; Harris v. State, 77 S. W. Rep., 610; Blackwell v. State, 34 Texas Crim. Rep., 476; Jones v. State, 45 S. W. Rep., 596; Darby v. State, 23 Texas Crim. App., 407.

The judgment will be affirmed.

*Affirmed.*