## W. O. TAYLOR v. THE STATE.

No. 3670.   Decided October 20, 1915.

Rehearing denied November 17, 1915.

**1.—Carrying Pistol—Sufficiency of the Evidence—Traveler.**

Where, upon trial of unlawfully carrying a pistol, the defendant contended that he was a traveler when he carried a pistol, but the evidence showed that this was not the pistol he was charged with carrying, but that he did carry a pistol as alleged, and went around to various places, seeing different persons, and that he was not a traveler at that time, or that he carried the pistol to deliver it to some other person, the conviction was sustained.

**2.—Same—Charge of Court—Objections—Practice on Appeal.**

Where defendant made no objection to the charge of the court at the time it was given, and the transcript on appeal failed to show that he excepted to the court's charge before it was read to the jury, or that he requested charges, the same could not be reviewed on appeal; besides, the requested charges were not the law of the case, and the issues of fact were properly submitted in the court's charge. Following Younger v. State, 173 S. W Rep., 1039

**3.—Same—Charge of Court—Traveler.**

Where, upon trial of unlawfully carrying a pistol, the defendant contended that he was a traveler at the time, and the court properly submitted this issue to the jury, and refused a special requested charge upon this issue, which was not the law concerning travelers, there was no reversible error. Following Williams v. State, 74 Texas Crim. Rep., 639, and other cases

**4.—Same—Continuance—Want of Diligence.**

Where defendant's application for continuance showed a want of diligence, and besides, the absent evidence was wholly immaterial to any issue in the case, there was no error in overruling the same.

**5.—Same—Charge of Court—Burden of Proof—Reasonable Doubt.**

Where the court's charge more than once told the jury that the burden of proof was upon the State, and that defendant's guilt must be proved beyond

a reasonable doubt, it was not susceptible of the construction that it required the defendant to establish either of his defenses beyond a reasonable doubt.

**6.—Same—Misconduct of Jury—Argument of Counsel—Newly Discovered Evidence.**

Where the amended motion for new trial attacked the verdict on account of misconduct of the jury, improper argument of State's counsel, and newly discovered evidence, all of which was contested by the State, and that the court heard evidence and overruled the motion, and all the bills of exception concerning these matters were filed long after the adjournment of the County Court, they can not be reviewed on appeal, especially where the alleged statement of facts concerning these matters was not filed during the term of court. Following Graham v. State, 73 Texas Crim. Rep., 28, 163 S. W. Rep., 730, and other cases.

**7.—Same—Bills of Exception—Argument of Counsel—Practice on Appeal.**

There was no error in the court's refusal to allow defendant a bill of exceptions to the alleged remark of the State's counsel, when the record showed that no exception was taken thereto at the time, and this matter was not called to the trial judge's attention until two weeks after the trial in defendant's amended motion for new trial.

Appeal from the County Court of Coryell. Tried below before the Hon. H. E. Bell.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Watt L. Saunders,* for appellant.—On question of traveler: Hunt v. State, 107 S. W. Rep., 842; Campbell v. State, 125 S. W. Rep., 893; Eubanks v. State, 40 S. W. Rep., 973; Price v. State, 34 Texas Crim. Rep., 102; Simpson v. State, 119 S. W. Rep., 677; Dillingham v. State, 32 S. W. Rep., 771; Irvin v. State, 100 S. W. Rep., 779.

*C. C. McDonald,* Assistant Attorney General, and *R. B. Cross,* County Attorney, for the State.—On question of motion for new trial and evidence de hors the record: Hooper v. State, 72 Texas Crim. Rep., 83; Borders v. State, 72 id.; 135; Lee v. State, 72 id., 237; Ulmer v. State, 71 id., 579.

On question of newly discovered evidence: Gray v. State, 65 Texas Crim. Rep., 204; Chappel v. State, 72 id., 191; Madrid v. State, 71 id., 430.

PRENDERGAST, PRESIDING JUDGE.—Appellant was indicted and upon trial convicted for unlawfully carrying a pistol. The lowest punishment was assessed.

He claimed and testified that he lived in Waco, in McLennan County, and owned a farm in Coryell County, which he looked after. That on October 13, 1914, he went from Waco to his farm to attend to various matters of business there, carrying with him in his grip the large dark-handled Colt's .45-pistol, which his brother-in-law had requested him to bring to him. That at no time during this trip did he carry it on his person. After arriving in Coryell County he stayed

all night with Mr. Rubarth. The next morning he went to Mr. Moore's
to see him about his rent and other things, which he did, and there,
that morning, took the pistol out of his grip, put it in Moore's buggy,
told Moore about it, and requested him to deliver it to his brother-in-law,
which was shown to have been done. That he neither saw nor had
that pistol again. *That is not the pistol he is charged with carrying.*
That day, and the following, he is shown, and admits to having gone
around to various places in the neighborhood to see various persons
and attended to various matters of business. That day, among other
places, he went to another brother-in-law's, Clyce Parsons, to see him
about business matters. That Clyce was not then at home but his
wife was. She invited him, and he went, into her house, sat down,
talked to her about his troubles and wanted to see her husband about
some business matters, and also 'phoned while he was there. She tes-
tified she passed behind him while he was sitting and his back was to
her while he was 'phoning, and she saw his pistol scabbard sticking out
underneath his coat and the shape of a pistol under his coat. That
his coat was pulled up tight when he was 'phoning. That she smelled
whisky on his breath and she said, "he tried to get close to me and
acted like he was drunk." After leaving Clyce Parson's, the next day
he went around to various other places seeing different persons about
matters of business, and in his rounds shortly before he took a mail
hack went into Clyce Parson's field where Clyce was at work to see him
about some business matter. While there Clyce told him he didn't
want him to come to his house drunk any more, scaring his wife, and
that his wife thought he had a gun on at the time. That he, appellant,
pulled back his coat, and the witness swore, "I saw the white handle
of a pistol . . . it was small." Again: "Yes, I saw him with a
pistol on. He pulled back his coat and I saw it. It was in his hip
pocket." Appellant had his grip with him at this time. After talk-
ing to Clyce in his field a few minutes, the witness told him the mail
hack from Purmela to Levita was coming over the hill, and appellant
went and caught it. Appellant swore he had no pistol on the day
before when at Mr. Parson's house, nor in Parson's field when Parson
swore he did,—saw, it, etc.

The evidence was clearly sufficient to sustain the verdict on the whole
case and also on the issue of his claim that he was a traveler at the
time he carried the pistol. The jury believed the State's witness, and
did not believe appellant. This was for the jury alone, and the lower
court.

The judge gave a charge, correctly submitting every issue made by
the evidence. Appellant made no objection whatever to the charge at
the time. He, however, requested two special charges, which the court
refused; but as said by this court in the recent case of Younger v. State,
75 Texas Crim. Rep., 243, 173 S. W. Rep., 1040, "the transcript fails to
show that appellant excepted to the court's charge before being read to
the jury and a request at that time for the submission of his special
charges," hence, as presented, no error is shown. However, his first on

the issue of his carrying said pistol to his brother-in-law, was clearly on the weight of the evidence, and about a different pistol from that which he was charged with carrying. Besides, the court, in first telling the jury the law, correctly charged "that it is not a violation of the law to merely carry a pistol on one's way to deliver same to its owner." And in submitting the case for a finding told them, if they believed beyond a reasonable doubt he carried the pistol at the time and place alleged, to find him guilty, unless he was at the time carrying it on his way to deliver it to its owner. And, again, affirmatively submitted this issue in his favor telling the jury, if you believe he was merely on his way to deliver the pistol to its owner, acquit him and find him not guilty.

In his second special charge he requested the court to tell the jury that a traveler "is a person making a trip from one county to another, and away from his home with the intention of being away on some business or journey out of his ordinary pursuit, and that a mere incidental delay connected with his journey does not prevent him from being a traveler in the meaning of the law.". This is not the law. (Williams v. State, 74 Texas Crim. Rep., 639, 169 S. W. Rep., 1154; Younger v. State, supra.) Besides the court gave a correct charge on the subject and submitted that issue in the same way as the above question of carrying the pistol to its owner was submitted.

Appellant's application for a continuance was wholly insufficient, under the statute, showed a clear lack of diligence, and, besides, the evidence of the witness was wholly immaterial to any issue in the case.

The court's charge more than once told the jury that the burden of proof was upon the State to prove appellant guilty beyond a reasonable doubt before they could convict him. It is not susceptible of the construction that it required him to establish either of his defenses beyond a reasonable doubt. The reverse of this is true.

In his amended motion for a new trial he urged some grounds attacking the verdict on account of the action of the jury *de hors* the record; also, on the ground of claimed improper argument of the county attorney; and also for what he claimed was newly discovered evidence. All of these matters, as well as every other ground of his motion and bills of exceptions, were specially contested and controverted by the county attorney in his sworn plea in answer thereto. The record shows that when the court heard his said motion, and the contest thereof, that he heard evidence thereon. What that evidence was, whether by affidavit or oral testimony, or both, is not shown by the record. All his bills of exceptions were filed long after the adjournment of the court. Under such circumstances none of these matters are presented in such a way that we can review them. It has been the uniform holding of this court at all times, in a long line of decisions, that such matters, in order to be reviewed by this court, must be presented by a proper statement of facts on the subject, filed during term time, showing what the testimony was. One of the leading cases is Black v. State, 41 Texas Crim. Rep., 41, and some of the others are collated in Graham v. State, 73 Texas Crim. Rep., 28, 163 S. W. Rep., 730.

There was certainly no error in the judge refusing to allow appellant a bill of exceptions to the claimed remarks of the county attorney when it was conclusively shown that no exception was taken thereto at the time. The matter was not called to the judge's attention until two weeks after the trial, and then by his amended motion for new trial. As stated, the county attorney contested this matter, and specially denied he used the language charged.

We have not discussed separately each of appellant's many assignments, though we have considered all of them. No error is pointed out that would authorize or require this court to reverse this case. The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 17, 1915.—Reporter.]