JACK GRANT v. THE STATE.

No. 11719.   Delivered June 6, 1928.
Rehearing granted February 13, 1929.

The opinion states the case.

*Fines & Williams* of Childress, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for unlawfully carrying a pistol; punishment, a fine of $100.00.

The record is before us without any bills of exception. From the record it appears that a jury was waived and the issues in this case submitted to the court. At the time of the alleged unlawfully carrying of the pistol appellant was going from a point in one county, to a point in another county of this State. The testimony as to the distance is conflicting, the sheriff of the county testifying that the distance between the two points was thirty-five miles, the testimony of appellant being that it was something over fifty miles. Apparently the defense interposed was that appellant was a traveler. This is a question of fact, and we are not disposed to hold that the judgment entered was an abuse of the right of the court to pass on the credibility of the witnesses and the weight of the testimony. George v. State, 90 Texas Crim. Rep. 179; Wortham v. State, 95 Texas Crim. Rep. 135; Hall v. State, 102 Texas Crim. Rep. 329.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Jack Grant was a laborer upon a ranch belonging to John H. Gibson, which was situated about ten miles from Childress. He started to another ranch belonging to Gibson situated about three and one-half or four miles northwest of Memphis, in Hall County. The journey was begun between sundown and dark. The estimate touching the distance between the two points was between forty-eight and fifty-three miles. No witness placed it less than forty-eight and none put it more than fifty-three miles. He was driving four mules hitched to two wagons; that is, one wagon and a trailer. He was accompanied by his wife. With that mode of conveyance, it would require more than one day to make the journey. The route passed through Childress, the county seat of Childress County, and Memphis, the county seat of Hall County. Bedding was taken for camping purposes. After starting, they drove twenty-three or twenty-four miles and camped for the night.

On the appellant's route, it was necessary to cross a bridge over Red River. He entered it from the south. The bridge was narrow save at a place near the middle, where it was made wider in order that vehicles might pass each other. The State's witness Morehead entered the bridge from the south, driving an automobile. His vehicle and that of the appellant met at a point north of the passing place on the bridge. Morehead told the appellant to back his mules so that they might be passed. Appellant stated that he could not back them as they were unruly. They were hitched four abreast to a wagon. Two of them, according to the undisputed evidence, were wild and it was difficult to control them, especially upon the bridge. Morehead claimed that he entered the bridge before the appellant passed the center thereof. This was denied by the appellant and a witness who was assisting him in getting the mules across the bridge. After Morehead's car was backed off the north end of the bridge, the appellant drove his mules past it. Morehead was angry and threw a rock at the appellant, and according to other eye-witnesses, was in the act of picking up another rock when the appellant drew his pistol from the bedding upon his wagon. According to Morehead the pistol was pointed at him, while according to the other witnesses, it was not pointed at him. Other witnesses also testified that the appellant's vehicle had passed the center of the bridge before Morehead drove his car upon it.

The law does not prohibit a traveler from carrying a pistol on or about his person. By Art. 484, supra, a traveler is specifically exempted from the prohibitions in Art. 483, P. C., 1925. The exemption continues while the journey is in good faith pursued. So long as he is a traveler within the meaning of the law and is pursuing his journey, an inquiry as to his intent in carrying the pistol is not pertinent. The use made of the pistol possessed by one claiming the exemption may become relevant in determining the good faith of his claim, but if the jury determines upon appropriate facts that he is a traveler and in the pursuit of his journey, his use of the pistol, though unlawful, would not subject him to a conviction for the offense of unlawfully carrying arms. From a leading case upon the subject we take the following quotation:

"But it is contended that because the appellant had a pistol in his buggy, and on meeting a person with whom he had an altercation took the pistol menacingly in his hand, as if to shoot his adversary, he thereby commits an offense under this statute. He may be guilty of an assault with a deadly weapon, but it does not necessarily follow that he had the weapon unlawfully upon his person before committing the assault." (Maxwell v. State, 38 Tex. Rep. 170.)

The statute exempting travelers also exempts other classes of persons. The courts, in applying the statutes, have exempted classes of persons who are not within the terms of the exempting statute, Art. 484, supra. One who is not traveler and not within any of the exemptions named in the statute may carry a pistol from one place to another under certain circumstances without violating the law. This is illustrated in many decisions. See Boissean v. State, 15 S. W. Rep. 188; Cassi v. State, 86 Tex. Crim. Rep. 369; Taylor v. State, 89 Tex. Crim. Rep. 112; Ross v. State, 28 S. W. Rep. 199. When one not within the specific exemptions named in Art. 483, supra, is found carrying a pistol, his intent becomes an issue. This is illustrated by the precedents mentioned above and many others to be found in the annotations of the statutes. See Vernon's Ann. Tex. P. C., 1925, Vol. 1, p. 275; also the recent case of Deuschle v. State, 4 S. W. (2d) 559. Whether the evidence in a given case brings one within the exemption is a question of fact; that is to say, if there is a conflict in the evidence, one phase of which points to the guilt of the accused and another to the exemption mentioned, the decision of the jury under proper instructions and legitimate evidence is binding upon this court; and the same is true when the trial is before the judge without a jury. It may be added that if the evi-

dence is undisputed and establishes a given state of facts upon the effect of which minds may differ, that is, that one mind might draw the inference of guilt and another the opposite, the finding of the jury as to the sufficiency of the evidence in the event of a conviction would be binding upon this court. If, however, the evidence, whether undisputed or conflicting, is such from which no conclusion other than that of innocence can be drawn, this court is privileged, and it becomes its duty, to set aside the conviction. See Chambers v. State, 34 Tex. Crim. Rep. 293. Moreover, if the evidence is conflicting or susceptible of different interpretations in a trial before a jury, it is incumbent upon the court, upon proper request, to place before the jury in appropriate language a charge which will invoke their decision as between the conflicting facts or theories. Before the advent of the automobiles and good roads, this court found itself guided by a line of precedents which, under the changed conditions now prevailing, are difficult to apply. It is believed, however, that the principles underlying the precedents, a synopsis of which we have undertaken to give above, are yet available in controlling the decision of appeals to this court.

In the case of George v. State, 90 Tex. Crim. Rep. 179, it appeared that George, in a swiftly moving automobile, had traveled through a densely settled country along the public highway in broad daylight from the city of Taylor to the city of Austin, the capitol of the State, and returned the same day within a short time. He claimed that he had left Taylor to go to the city of San Antonio, a distance of some eighty miles from Austin. There were facts detailed by the officers who arrested him which tended to discredit his story, which facts he failed to use available witnesses to contradict. The good faith of his defense was impugned by the facts developed. They were susceptible of a construction or interpretation opposed to that which George advanced in support of his claim of exemption from prosecution. The case was tried before the court and the finding by the judge in favor of the State was upheld upon appeal.

In Wortham's Case, 95 Tex. Crim. Rep. 135, on the original hearing, the case of George v. State, supra, was adverted to and the judgment was affirmed. However, on the motion for rehearing the record was perfected by the presentation of a statement of facts and the case reversed because the court, upon the request of the appellant, failed to submit to the jury appropriate instructions enabling them to decide the question of fact.

In the case of Christian v. State, 105 Tex. Crim. Rep. 563, the court on the subject used the following language:

"It has been held that the use of automobiles and improved roads, as well as the distance traveled, must be taken into account. See George v. State, 90 Tex. Crim. Rep. 178; Wortham v. State, 95 Tex. Crim. Rep. 135; Welch v. State, 97 Tex. Crim. Rep. 617; Armstrong v. State, 98 Tex. Crim. Rep. 335. However, giving due weight to these modified conditions and means of traveling, the opinion is expressed that the evidence in the present instance does not warrant a finding against the appellant. See Impson v. State, 19 S. W. 677; Alexander v. State, 57 Tex. Crim. Rep. 252; Campbell v. State, 58 Tex. Crim. Rep. 349; Price v. State, 34 Tex. Crim. Rep. 104; Rice v. State, 10 Tex. Crim. App. 288."

The case of George v. State, supra, is not regarded as asserting any new rule of law but simply adjusting the new conditions to the law as by the weight of authority it had been previously construed. This conclusion is emphasized by the fact that Judge Lattimore, in writing the George case, supra, accepted as sound and quoted in part the language of Presiding Judge Davidson in the case of Impson v. State, 19 S. W. Rep. 677, as follows:

"The exceptions contained in the statute cannot be used as a cloak for violating the statute itself. That the accused is a traveler is a fact to be passed upon by the jury, and their finding is usually conclusive of that question, yet this is not an invariable nor an arbitrary rule. If the defense is an honest one, and supported by the facts, and there is no evidence tending to impeach it, the jury should acquit, and under such circumstances, if a conviction be secured, it should not be permitted to stand."

In the present instance, nothing is perceived to impugn the good faith of the appellant. He was in the course of his employment at the command of his employer, charged with the possession of property of his employer. He undertook a journey from one of the Gibson ranches to the other, a distance of not less than forty-eight miles. The means of conveyance were necessarily slow. The journey was one that could not be made in a single day. Under the circumstances that it was undertaken, the night was to be spent on the way. Provision was made for camping. The appellant's wife accompanied him. Bedding was carried in the wagon. The night was spent in camping. We believe there is nothing in the facts as they appear from the undisputed evidence which, on the point at issue, is conflicting or which admits an inference contrary to the ap-

pellant's claim that he was a traveler. The altercation which is mentioned and which may have had some influence upon the learned trial judge who tried the case is shown by the State's evidence, as well as that of the appellant, to have been unanticipated; a sudden quarrel, and whether the appellant's attitude was aggressive or defensive could not be determinative of his status as a traveler within the meaning of the statute, Art. 484, supra. However, the evidence, without conflict, seems to be to the effect that before he exhibited the pistol the appellant was attacked.

The motion for rehearing should be granted, the affirmance set aside, the judgment of the trial oourt reversed and the cause remanded. It is so ordered.

*Reversed and remanded.*

### DISSENTING OPINION.

LATTIMORE, JUDGE.—I am sorry to be in disagreement with my Brethren, but we have always held that the facts in any case are peculiarly for the trial judge and jury, and will not be disturbed by us save in case the judgment be without support. In this case appellant had the pistol beyond question; he went about fifty miles from one ranch to another, traveling on one of the most frequented highways in the State. His employer testified for him, and on cross-examination said:

"One traveling the road that the defendant did is in sight of houses all the way, unless it is for two miles in the pasture next to my Childress County place, just before he goes out onto the main highway. He would come through Childress, Carey, Estelline, Newlin and Memphis, and they have peace officers at all those places. * * *

"In going from the Childress County ranch to the one northeast of Memphis, one travels most of the way along the public highway, and most of the time is in sight of houses, and usually passes a number of cars and vehicles along the road."

While on this trip appellant had a difficulty with another man who swore that appellant drew a pistol on him. This case was tried before the judge without a jury. The only defense was that appellant was a traveler. Under the facts the trial judge held him not exempt from punishment upon such plea. We seem to have uniformly held the decision of the question as to whether one carrying a pistol is a traveler, to be a question of fact and hence one essentially for the trial court or jury. I am unwilling, under the facts of this case, to depart from such rule. The question here involved is infinitely more

vital and far reaching than the mere question of whether this particular defendant should pay a fine. It seems more important even than the crying need for protection against people who on one excuse or another arm themselves with pistols and on the slightest provocation take human life. The question is, having laid down what seems to be a sound and just rule, viz: that it is not what this court would have done upon the facts of a particular case, but were there any facts before the trial court fairly supporting his conclusions of fact, if so, this court would be bound by his decision,— can we then justify a departure from said rule in this case?

Armstrong v. State, 98 Texas Crim. Rep. 335, opinion by Judge Morrow, is a case on all-fours with the one before us. It was tried by the judge. The accused was going fifty miles with a pistol in his grip in his car. We said in that case: "The decision that the appellant was not a traveler, is deemed binding upon this court." In George v. State, 90 Texas Crim. Rep. 179, a case also tried before the court and defended on the ground that George was a taveler, where proof showed a pistol was carried in a car from Taylor to Austin and return, a distance of approximately eighty miles, we said:

"Was appellant a traveler? The trial court concluded that he was not. This question is one of fact for the trial court or jury, as the case may be. Impson v. State, 19 S. W. Rep. 677; Shelton v. State, 27 Texas Crim. App. 443; Williams v. State, 74 Texas Crim. Rep. 639, 169 S. W. Rep. 1154; Witt v. State, 89 Texas Crim. Rep. 368; 231 S. W. Rep. 395"—and the case was affirmed.

In Brown v. State, also an opinion by Judge Morrow,—approving the holding in the George case, supra, we said:

"This court held that under the evidence, whether he was a traveler was a question of fact, and that the decision of that case against the accused was binding upon this court."

The Brown case was a jury case, and was reversed for an erroneous charge to the jury. In Moore v. State, 86 Texas Crim. Rep. 502, Judge Davidson said, speaking of the defense of being a traveler:

"If the defense be honest and supported by the facts, and no evidence is shown impeaching it, an acquittal should be awarded; but, if his honesty is at issue or the facts impeach such defense, or tend so to do, a conviction will not be disturbed on appeal where the jury have resolved the facts against the defendant. upon such issue."

In Impson v. State, 19 S. W. Rep. 677, we said one should not be

28

permitted to use the exception in the statute as a cloak for a violation of the law.

I will not extend the discussion. I have said enough to make my position plain. The appellant in this case had a pistol. He was going fifty miles on a broad beaten highway, through a good sized town every few miles. He used the pistol in an altercation which he said was in self-defense, but the other party stated differently. The decision of that matter was for the trial court who saw and heard the witnesses.. The pistol toter is one of the most dangerous menaces to good order, peace and human life. There seems no excuse for a man to have had one in the situation detailed in this record. The burden is on one trying to bring himself within one of the exceptions to any statute. I see no reason for disturbing the judgment. The case is insignificant, but the principle involved seems to loom large.

I must respectfully dissent from the judgment granting the motion for rehearing and reversing and remanding the cause.