

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:

Opinion No. O-4319
Re: Would a truck driver be al-
lowed to carry a pistol under
Article 484, P. C., while he
is transporting property in
his truck on regular routes
or special trips through
several counties?

This is in response to your letter of recent date,
from which we quote the following:

"Recently I have had numbers of persons who
operate commercial motor vehicles ask if it would
be lawful for them to carry a pistol while trans-
porting commodities over the highways of this
State under Article 484 of the Penal Code, which
provides in part that persons traveling would be
allowed to carry pistols.

"Please advise me whether or not, in your
opinion, a truck driver would be allowed to carry
a pistol under the foregoing while he is trans-
porting property in his truck on regular routes
or special trips through several counties. I
realize, of course, that practically every case
would have to be determined upon the facts as
they exist but I would certainly appreciate any
information that you could give me on this matter
that I might advise the public generally.

". . . ."

The article cited by you (Art. 484, Penal Code)
contains the exceptions to the statute forbidding the unlaw-
ful bearing of certain arms. Article 483, Penal Code, is

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

561

Honorable Homer Garrison, Jr., Director, Page 2


the prohibitory provision, and reads as follows:

> "Whoever shall carry on or about his person, saddle, or in his saddle bags any pistol, dirk, dagger, slung-shot, sword cane, spear or knuckles made of any metal or any hard substance, bowie knife, or any other knife manufactured or sold for the purposes of offense or defense, shall be punished by fine not less than $100.00 nor more than $500.00 or by confinement in jail for not less than one month nor more than one year. Acts 1887, p. 6; Acts 1905, p. 56; Acts 1918, p. 194."

While Article 484, contains the following language:

> "The preceding article shall not apply to a person in actual service as a militiaman, nor to any peace officer in the actual discharge of his official duty, nor to the carrying of arms on one's own premises or place of business, <u>nor to persons traveling</u>, nor to any deputy constable, or special policeman who receives a compensation of forty dollars or more per month for his services as such officer, and who is appointed in conformity with the statutes authorizing such appointment; nor to the Game, Fish and Oyster Commissioner, nor to any deputy, when in the actual discharge of his duties as such, nor to any Game warden, or local deputy Game, Fish and Oyster Commissioner when in the actual discharge of his duties in the county of his residence, nor shall it apply to any game warden or deputy Game, Fish and Oyster Commissioner who actually receives from the State fees or compensation for his services. Acts 1871, p. 25, Acts 1918, p. 194." (Emphasis ours).

The solution of your question, of course, depends upon the interpretation to be given the words of the latter statute as underscored by us above. Is a person driving a truck, transporting property on regular routes or special trips through several counties a "traveler"? If so, he is not amenable to the punishment prescribed by Article 483, supra, regardless of the fact that he carries a pistol; if he is not a "traveler", he is amenable and may be convicted and punished as a law violator.

Honorable Homer Garrison, Jr., Director, Page 3

  We take occasion here to allude to earnest suggestions made on at least two occasions by the Court of Criminal Appeals of Texas, that the Legislature should either repeal the exemption, or define what is meant by a traveler. See Bain v. State (1898), 38 Tex. Cr. R. 635, 44 S. W. 518; Hancock v. State (1927), 106 Tex. Cr. R. 666, 294 S. W. 218. In the latter case, Judge Lattimore wrote the following:

> "Our Legislature says, in article 484, P. C. 1925, that 'a person traveling', who carries a pistol, is not punishable therefor; but fails to define or say who is a person traveling, and the courts through all these years have traveled devious routes, going from one set of facts to another different, and on to another, trying in each to find some resting place upon which might be planted judicial announcement as to who is a traveler, but alas, have found it not. The ancient with his oxcart, the Mexican with his burro, the pioneer with his roadless route, the modern highway, the automobile with its distance annihilating speed, the increase of population, the joy ride extending itself in a few hours over several counties, the man really convoying valuables, and the happy-go-lucky nomad, who spends but a night in each tourist park, and wanders on and on forever, all these aid in graying the hair of a conscientious court trying to say who may or may not avail himself of the exemption of being a person traveling, which, by the way, the Legislature ought to repeal or define."

  We have read many cases in our effort to assist you in determining whether a truck-driver, under the circumstances given, would come within the exemption. The decisions are not harmonious, the earlier cases tending to the direction of greater latitude of construction than those of later years. The distance covered is not alone the determining factor; the mode of travel and the time required for the journey are elements which have to be considered. Precedents established in the days of horse-drawn vehicles are not applicable in this age of sixty-mile per hour automobiles. Kemp v. State, 116 Tex. Cr. R. 90, 31 S. W. (2d) 652; Grant v. State, 112 Tex. Cr. R. 20, 13 S. W. (2d) 889; Smith v. State, 42 Tex. 464; Hunt v. State, 52 Tex. Cr. R. 477, 107 S. W. 842.

Honorable Homer Garrison, Jr., Director, Page 4

Despite the conflicts noted, we have found some cases which may properly be termed as being analogous to the question you present.

In Williams v. State, 44 Tex. Cr. R. 494, 72 S. W. 380, it was held that a railroad train porter on a regular run of some 150 miles each day was a traveler and therefore exempted from criminal liability for carrying a pistol. The decision also asserts that such porter, when on board the train, was at his place of business, and was exempt from prosecution for that reason also.

In Barker v. Satterfield (Tex. Civ. App.) 111 S. W. 437, a train auditor was arrested for carrying a pistol while making a trip as train auditor on a passenger train, between two points some 300 miles apart. He was arrested while on the train, and brought suit against the arresting officer for damages, alleging that the arrest was wrongful, that he was entitled to carry the pistol because he was a traveler and was then engaged in his business. The Court sustained the auditor's contention.

In the case of Hickman v. State, 71 Tex. Cr. R. 483, 160 S. W. 382, a merchant defended a charge of carrying a pistol upon the ground that he was a traveler, but the Court disallowed the pretense, the record disclosing that appellant was going out to see his customers who lived "within trading distances" of his home town. Since this was true the Court said this would not constitute him a traveler within the meaning of the Code.

A driver of a service car, employed to take other parties from Texarkana to Linden, Texas, who were told by the persons to whom they talked in Linden to go to Atlanta, Texas, to see still others, and proceeded to then take the said parties to Atlanta was arrested in the latter city when found with a pistol pushed between the seat of the car and the cushion. It is 29 miles from Texarkana to Atlanta and 16 miles further to Linden. Upon appeal the Court of Criminal Appeals refused to hold that the driver of the service car was a "traveler" as a matter of law. See Paulk v. State, 97 Tex. Cr. R. 415, 261 S. W. 779. From the opinion we quote the following:

". . . It is contended by appellant that the facts show he was a traveler. The Legislature has never seen proper to define a 'traveler',

and it therefore becomes necessarily a question of fact to be determined where the issue arises by the judge or jury trying it. In the present case no jury was demanded, but the matter was submitted to the district judge. He heard the evidence and saw the witnesses, and his finding reflects the fact that he did not accept as true appellant's claim that he was a traveler. We think it would be going too far to hold as a matter of law that he was."

In the case of Armstrong v. State, 98 Tex. Cr. R. 335, 265 S. W. 701, the appellant was shown to be in the business of hauling cotton pickers from one place of employment to another, but the Court said whether he was a traveler was a question of fact, and refused to disturb the finding of the inferior court.

You are certainly correct in your statement that "practically every case would have to be determined upon the facts as they exist". We can conceive of cases of the character mentioned by you where the distance covered, the mode of travel used, and the time required would be such as to warrant the conclusion that a defendant would be entitled to the exemption as a traveler. On the other hand, where a person drives his truck short distances, and returns to his home daily, we do not think the Courts would sanction the claim to exemption. So far as we have been able to find, the Court of Criminal Appeals has not laid down an unvarying rule to fit every instance. Surely, the Legislature has not heeded the Court's plea for amendment defining the term "traveler", nor repealed the exemption.

We regret our inability to give you a better criterion to guide you in determination of the question with which you and other peace officers, prosecutors and judges generally must constantly be confronted.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Benjamin Woodall_
Benjamin Woodall
Assistant

APPROVED JAN 21, 194_

BW:mp



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN